23225. AMERICAN EMPLOYERS INSURANCE COMPANY
*et al. v.* HAYGOOD.

DECIDED FEBRUARY 28, 1934.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiffs in error.

*Hooper & Hooper,* contra.

MacIntyre, J. We are unable to agree with counsel for plaintiff in error that the undisputed evidence showed that the injury to the claimant was confined solely to her leg and no superadded injury or disease was shown. Dr. C. W. Roberts testified that while the claimant's total disability *originated* from the injury to her leg, the disability is not now (at the time of the trial) *confined to her leg but affects her entire body;* that her disability could probably be removed by the amputation of her leg, but that on account of her age and diabetic condition the operation would be too dangerous; that he was not able to say what influence the injury to her leg had on her diabetic condition, *but he was compelled to believe that her disability caused by the leg injury was capable of having been an active factor in the aggravating of her diabetic condition, and that it is quite probable that there is a relation between her leg injury and her present diabetic state.* The director of the Department of Industrial Relations, in his order awarding compensation, made the following statement: "The director finds that the injuries sustained by the claimant have every appearance of being permanent. This conclusion is reached after considering carefully all the evi-

dence [and] seeing the claimant in person at the hearing. From these proofs, my conclusions are that she is a hopeless physical wreck. The injury has produced complete loss of function in the left leg, and is *attended by general bodily symptoms* which clearly indicate that the accident was an active factor in reducing her physical condition to such a weakened state that she is now totally incapacitated from doing any work sufficient to earn a living." In *Travelers Ins. Co. v. Reid,* 178 *Ga.* 399 (173 S. E. 376), Chief Justice Russell, speaking for the court, in reversing the judgment of this court in that case (46 *Ga. App.* 168), said: "It appears from the evidence taken by the Industrial Commission that the only injury suffered by the employee is in the foot and leg. *A different case would be presented if the evidence had shown that in consequence of such injury the employee had suffered a superadded injury or disease affecting other portions of his body, as a result of which he had become totally disabled.*" (Italics ours.) In our opinion the director making the award in the instant case was authorized to find as a fact from the testimony of Dr. Roberts that in consequence of the leg injury suffered by the claimant, her "entire body," to use the words of Dr. Roberts, had become diseased, with the consequent result of her becoming totally disabled. We think, therefore, the judgment should be

*Affirmed. Broyles, C. J., and Guerry, J., concur.*