## 38513. DEMPSEY v. CHEVROLET DIVISION, GENERAL MOTORS.

DECIDED SEPTEMBER 20, 1960.

*D. B. Phillips*, for plaintiff in error.

*Spalding, Sibley, Troutman, Meadow & Smith, M. H. Black-shear, Jr.*, contra.

BELL, Judge. The sole question presented by this appeal is whether or not the State Board of Workmen's Compensation has jurisdiction to alter or amend an award in response to a motion therefor filed ten months and one day after the award was handed down. The record shows that the single director made the award on October 16, 1958. The award was appealed to the superior court, where the appeal was dismissed by the claimant-plaintiff on December 22, 1958, the dismissal resulting in the award becoming final.

The plaintiff's contentions, in brief, are that the State Board of Workmen's Compensation is governed by the statutes prescribed for the courts of this State, and that under *Code* § 24-104 it has power to amend its award. The defendant's contention is that the State Board of Workmen's Compensation is not a court within the meaning of the statutes, and that its awards become final unless there is an application for review filed within seven days from the notice of the single director's award.

The leading case on this problem is *Gravitt v. Georgia Casualty Co.*, 158 Ga. 613 (123 S. E. 897). There the Industrial Commission, the predecessor to the present State Board of Workmen's Compensation, had entered an order seven months prior to a motion to reopen the case, finding that the employee in question was a farm worker and, therefore, exempt from the Georgia Workmen's Compensation Act. The Supreme Court held that the commission neither upon its own motion nor upon the application of the employer or the claimant had the power or the authority to pass an order reopening the case and granting another hearing for the taking of evidence and to reconsider the case upon its merits. The Supreme Court pointed out that the Georgia Workmen's Compensation Act created the Industrial Commission for the administration of the act (Ga. L. 1920,

p. 167, § 50), and stated: "It is therefore an administrative body and there is no provision in the act for temporary orders." *Gravitt* case, supra, at p. 618. "The Georgia Industrial Commission is not a court of general jurisdiction, nor even of limited common-law jurisdiction, but it is an industrial commission made so by express terms of the act of the legislature to administer its provisions as provided therein. As such administrative commission it possesses only such jurisdiction, powers, and authority as are conferred upon it by the legislature, or such as arise therefrom by necessary implication to carry out the full and complete exercise of the powers granted . . . No power of reopening or rehearing a case on its merits, in which a decree has been entered and of determining anew the liability or non-liability of the employer, is granted by the Act of 1920 except as provided by section 45, which, as pointed out, does not apply to a case like the present." Ibid at 618. Section 45 of the Act of 1920, now *Code Ann.* § 114-709 (Ga. L. 1920, p. 191) has been amended four times. The only amendment still effective affecting this section of the original act, other than to delete the words, "Industrial Commission," and to insert the words, "State Board of Workmen's Compensation," was an amendment which set a time limit of two years, from the date the board is notified of final payment of a claim, for a review of the award or settlement because of a change in condition. As the statute was worded at the time of the decision in the *Gravitt* case, there was no time limit upon a reopening of the award on the grounds of a change in condition. This is the only provision in the act for the State Board of Workmen's Compensation, on its own motion or upon the application of either party, to review an award previously rendered other than where an application for review has been made within seven days from the date of notice of the award under *Code* § 114-708.

In *Great American Indem. Co. v. Wimberly*, 96 Ga. App. 588 (1a) (100 S. E. 2d 593), this court held that in a workmen's compensation case the award of a single director becomes final where there is no application for a review filed with the full board within seven days from the date of notice of the single director's award, citing *American Mutual Liability Ins. Co. v.*

*Lindsey,* 63 Ga. App. 658 (11 S. E. 2d 512), and in such a case the full board is without jurisdiction to review the award. See also *U. S. Casualty Co. v. Smith,* 42 Ga. App. 774 (2) (157 S. E. 351); *Fluellen v. Campbell Coal Co.,* 54 Ga. App. 355, 356 (2) (188 S. E. 54). This court has further held that since the provision that an application for review must be made within seven days after notice of the award is jurisdictional, it cannot be waived. *Great American Indem. Co. v. Wimberly,* 96 Ga. App. 588 (1b), supra. See also *Bank of Culloden v. Bank of Forsyth,* 119 Ga. 351 (1) (46 S. E. 424); *Johnson v. City of Atlanta,* 9 Ga. App. 302 (70 S. E. 1120). The same rules apply to the situation where an agreement for compensation has been signed by the parties and approved by the board. Thus, "an agreement as to compensation signed by the parties and approved by the full board is, as to the matters therein contained, res judicata when no appeal therefrom is taken within the time provided by law and where no request is filed for a hearing on change of condition under *Code Ann.* § 114-709, or in regard to the continuance of payments under *Code Ann.* § 114-706." *Manus v. Liberty Mutual Ins. Co.,* 100 Ga. App. 289 (1) (111 S. E. 2d 103). In the latter case the court held that seven months after the employee had signed a final settlement receipt for moneys paid under an agreement as to compensation signed by the parties and approved by the full board, the employee could not be granted an original hearing on the merits of the claim. See also *Travelers Ins. Co. v. Hammond,* 90 Ga. App. 595 (2) (83 S. E. 2d 576); and *Arnold v. Indemnity Ins. Co.,* 94 Ga. App. 493 (3) (95 S. E. 2d 29).

The cases cited by counsel to support the contention that the State Board of Workmen's Compensation has authority to amend or correct its decision deal with judgments of courts of general jurisdiction, and are not applicable to the State Board of Workmen's Compensation.

The State Board of Workmen's Compensation is without authority to reopen, for purposes of modification, an award it made ten months earlier.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*