### 45377. MORRIS v. LIBERTY MUTUAL INSURANCE COMPANY et al.

BELL, Chief Judge. 1. The notice of appeal describes the judgment appealed from as "the judgment entered in this action on March 9, 1970, in favor of the employer-insurer." There is a judgment answering this description except that it is dated March 9, 1970, but was not filed or entered until March 10,

1970. The notice of appeal is sufficient. *Insurance Co. of N. A. v. Jewel,* 118 Ga. App. 599, 602 (164 SE2d 846). The motion to dismiss the appeal is denied.

2. Claimant received a compensable back injury in June, 1968. The parties executed an agreement for the payment of compensation on August 2, 1968. A supplemental agreement was signed by all concerned on August 27, 1968, stating that claimant returned to work on August 13, 1968, and liability for total temporary disability ceased on that date. Both agreements were approved by the board. In February 1969, claimant requested a hearing to determine a change of condition which was held before a deputy director. The hearing record reveals that claimant returned to work in August 1968, and was engaged in exactly the same duties as before the accident which included driving a truck and some lifting. On September 3, 1968, he was discharged for failure to carry out instructions and loss of interest in his work and not for any physical reasons. Claimant testified that since his discharge in September 1968, he was able to do light work and that he could drive a truck but he had been unable to find a job. He also testified that he still suffered pain and that he could not do any heavy work. No medical evidence was offered. The deputy director made a finding of fact that when claimant returned to work in August 1968, he had undergone a change in his condition for the better and was no longer totally disabled but concluded that claimant has not recovered from his accident and injury and that he still suffers some disability as a result of the original injury and based upon this finding made an award of compensation commencing September 4, 1968, and continuing during partial disability. The full board adopted the deputy director's findings of fact and the award. The superior court on appeal reversed the board and entered judgment for the employer and insurer on the ground that there is no evidence in the record showing any change in the physical or economic condition of the claimant since the approval by the board of the supplemental agreement entered into between the parties.

When the claimant and employer execute a supplemental return to work agreement and it is approved by the board, the agree-

ment is conclusive and binding on the parties until set aside by a new supplemental agreement or by an award of the board after a hearing upon the ground of a change in condition. Ga. L. 1968, pp. 3, 7 (*Code Ann.* § 114-709); *Atlanta Coca Cola Bottling Co. v. Gates,* 225 Ga. 824 (171 SE2d 723). A change in condition "shall mean solely an economic change in condition occasioned by the employee's return or ability to return to work for the same or any other employer; or inability to work or continue to work for the same or any other employer, which inability is proximately caused by the accidental injury." Ga. L. 1968, pp. 3, 7, supra. On review of an award on ground of change of condition, the board shall make "a new award, determining events which occurred and conditions which existed at any time since the last hearing or agreement which resulted in an award for either party." Ga. L. 1968, pp. 3, 7, supra.

The August 27, 1968, supplemental return to work agreement terminated the obligation of the employer and the insurer to pay claimant further compensation and was the last agreement which resulted in an award for either party. The only events which occurred and conditions which existed thereafter as shown by the evidence are that claimant was discharged for reasons other than his physical condition and that he was able to work but could not find a job. Although claimant testified that he suffered pain and could no longer do heavy work, this evidence was not in any manner shown to be the reason for his failure to secure further employment. There is a total lack of evidence in the record that claimant's inability to work since his discharge was proximately caused by his original accidental injury. A change of condition has not been established.

*Judgment affirmed with direction that the case be remanded to the Board of Workmen's Compensation for the entering of an award consistent with this opinion. Quillian and Whitman, JJ., concur.*

ARGUED JUNE 1, 1970—DECIDED SEPTEMBER 9, 1970.

*Scott & Alexander, Guy B. Scott, Jr.,* for appellant.

*Erwin, Epting, Gibson & Chilivis, E. Davison Burch,* for appellees.