48606. WATERS v. TRAVELERS INSURANCE COMPANY et al.

Deen, Judge. 1. The Board of Workmen's Compensation has only those powers given it by statute, and there is no provision of law,

after an award has been entered, to entertain a motion to review and modify the award after the seven-day period for review has passed. *Dempsey v. Chevrolet Division, General Motors,* 102 Ga. App. 408 (116 SE2d 509). Rule 20 of the Rules and Regulations of the Board provides: "The record in any case pending before a single member of the Board or any Deputy Director appointed by the Board shall not remain open for longer than 30 days after the date of hearing. Except that in extreme and unforeseen circumstances, the full Board may in its discretion extend such period."

The claimant Waters suffered a back injury and made claim based on total disability. There was a hearing on October 6, 1971. On November 19 the director made and entered his findings of fact in the case which recited that the record had been left open until November 5, 1971, for the purpose of completing medical testimony. He then concluded: "Without entry of final findings or award herein, . . . . this matter shall be reconvened. . . . December 8, 1971, for additional testimony regarding claimant's actual earnings and capacity for earnings since June 10, 1971."

Does a single director have authority on his own motion, and after the 30-day period specified by the board has passed, to order that the parties reconvene more than two months after the original hearing for the purpose of giving further testimony? The framework of compensation cases provides a method for summary adjudication of accident disability claims; if the hearings are recessed and reconvened whenever the adjudicator in the course of making his decision decides that he would like more evidence, this purpose may well be utterly defeated. The burden is on the claimant in the first instance to establish his claim and the extent of his disability; it is equally upon the employer, if the latter wishes to rely on some particular defense (such as, here, that the claimant wanted, and the employer did not wish to, return him to his original job, and then claimant did not want or could not perform the alternate work offered) then it is up to the employer to present his evidence at the hearing, not to offer it several months later. Where in the interests of justice such a delay becomes necessary, it is to be sanctioned by the full board and not the hearing director.

2. On December 31, 1971, the hearing director entered a further finding of facts based on the additional evidence heard in December, and made an award for total disability in favor of the claimant. This, however, was appealed to the full board, which,

on April 3, 1972, reversed the award and, based primarily on the evidence taken at the December hearing, found as a fact that the job assignment offered by the employer was suitable to the claimant's impaired condition and at no reduction in salary; that the claimant was not justified in refusing this work and quitting his employment, and that therefore compensation should be denied. Since the full board did have the authority in the first instance to authorize such further testimony, or on the appeal might have authorized it to be taken under the provisions of Code Ann. § 114-708, and particularly since no question of the authority to receive the testimony without direct authorization by the board was raised until after the award reversing the grant of compensation, we do not find reversible error in the case. There is a clear right on the part of the board to receive this testimony at the hearing before it; if the case were reversed here it could order it to be given again and reach the same result, and the fact that it was received without proper authorization in the first instance is of little import since it has in fact elected to consider it.

The award denying compensation is supported by evidence. The affirmance thereof by the Judge of the Superior Court of Whitfield County is without error.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 12, 1973 — DECIDED OCTOBER 1, 1973.

*Chance & Maddox, R. F. Chance,* for appellant.
*Neely, Freeman & Hawkins, Andrew J. Hamilton,* for appellees.