48877. ALLSTATE INSURANCE COMPANY et al. v. PRANCE.

SUBMITTED JANUARY 7, 1974 — DECIDED JANUARY 31, 1974.

*Savell, Williams, Cox & Angel, John M. Williams, Elmer L. Nash,* for appellants.

*Charles L. Drew, C. Eugene Gilbert,* for appellee.

QUILLIAN, Judge. 1. The appellant contends that the award was in error because the appellee was not entitled to partial disability because there was no evidence to support a finding that the appellee had undergone a second change in condition when he was dismissed for poor job performance not related to any physical disability. With this contention we can not agree.

While it is true the appellee returned to work for the appellant at the same wages he received prior to his injury, he was not performing the same duties. When he returned to work he was given a light job which did not require any heavy lifting. He was subsequently discharged for poor job performance. There was a finding of fact that the appellee had not been employed since his discharge by the appellant.

While it is true the appellee stated he was physically able to perform work there was medical testimony which authorized a

finding that the appellee was partially disabled. Based upon the facts of this claim the board was authorized to find that the appellee had undergone an economic change in condition and entitled to benefits for partial disability. *Jenkins Enterprises, Inc. v. Williams,* 122 Ga. App. 840 (178 SE2d 926).

The appellant argues that *Morris v. Liberty Mutual Ins. Co.,* 122 Ga. App. 436 (177 SE2d 174), is controlling and compensation should not have been granted. The *Morris* case can be distinguished from the case sub judice because in the *Morris* case the claimant returned to work for his employer at exactly the same duties as he had before his injury and there was no medical evidence that the claimant had any disability.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*