## 50563. KAY v. MARYLAND CASUALTY COMPANY et al.

STOLZ, Judge.

1. The supplemental memorandum of agreement as to payment of compensation (Form 19A), reciting that the employee returned to work on October 8, 1973 at the same weekly wage as he was earning before he was injured "and that liability for temporary total disability ceased on" October 8, 1973, upon its approval by the board on November 1, 1973, was res judicata as to the termination as of October 8, 1973, of the obligation of the employer and insurance carrier to make any further payments to the employee on account of disability resulting from the August 20, 1973 injury until set aside by some method provided by law. Code § 114-709 as amended; *Atlanta Coca Cola Bottling Co. v. Gates,* 225 Ga. 824 (171 SE2d 723).

2. Where the board's approval of the said Form 19A agreement contained a recital that it approved the agreement subject to the condition that the board retained the right "to review and correct the same should it be shown that error was committed, or in the event any party at interest shall question the validity of this agreement. If any party at interest questions the correctness of this agreement he may bring the matter to the attention of the board," the board has jurisdiction to review and revise its award based on the Form 19A

agreement by virtue of the employee's "appeal" to the board, timely filed within 30 days of the approval of the agreement, asking that the approval be set aside and a change in condition hearing be held on the grounds that the employee had attempted to return to work, had been fired for inability to work, and was refused additional medical treatment. *Handley v. Travelers Ins. Co.,* 131 Ga. App. 797 (1) (207 SE2d 218) and cits. See also Code § 114-708, as amended by Ga. L. 1975 (S.B. 245, Act No. 118, § 10. Approved March 25, 1975).

3. The fact that the deputy director, following the change in condition hearing, provided in his findings of fact that "the Form 19A agreement indicating a return to work of October 8, 1973, should be set aside in its entirety," did not have the effect of automatically re-instating the liability of the employer/insurer for the full 52-week healing period or until the date of either the deputy director's or the full board's award, as the claimant contends. The award also ordered additional compensation payments from October 8 to October 29, 1973, based upon a finding that the claimant returned to work on the latter date. This had the effect of terminating liability for weekly compensation payments as of October 29, 1973.

4. The award appealed from was authorized by the evidence. There was evidence that the claimant was released by his doctor to work on October 8; returned to his regular job on October 11; worked through October 14; was laid off, not fired, from his job; held two other jobs subsequently; and returned to his regular job "two or three weeks" after being released to work on October 8.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED APRIL 29, 1975 — DECIDED JUNE 13, 1975.

*Robert T. Efurd, Jr., W. C. Dominy,* for appellant.
*Swift, Currie, McGhee & Hiers, W. Wray Eckl,* for appellee.