## 53216. INSURANCE COMPANY OF NORTH AMERICA et al. v. NIX.

MARSHALL, Judge.

1. In this workmen's compensation case, the superior court did not err in failing to remand the appeal to the full board for the introduction of new evidence by the employer. It does not appear in the record before us that any motion to that effect was made.

Furthermore, the record does not reveal that the employer's application to the board for the introduction of the new evidence (now said to be his own testimony) was supported by the showing required by Rule 708 of the board, viz., "that the new evidence follows the 'newly discovered evidence rule.' The evidence sought to be introduced must not be evidence of a cumulative or merely impeaching character, but must be of a character as likely would have produced a different result had the evidence been procurable at first hearing. It must be shown that the evidence was not known to the party at the time of the original hearing, and that, by reasonable diligence, this new evidence could not have been secured."

Even if it could be shown that this evidence "likely would have produced a different result," the sole excuse offered for not having produced the employer as his own witness at the change-of-condition hearing requested by the claimant was "a last-minute, unexpected business matter." "[I]t is up to the employer to present his evidence at the hearing, not to offer it several months later." *Waters v. Travelers Ins. Co.,* 129 Ga. App. 761 (1) (201 SE2d 176) (1973). Moreover, in spite of the fact that the administrative law judge left the record open for 90 additional days, the appellants did not, during this period, attempt to introduce the deposition of any witness, including that of the unnamed witness they had mentioned as being absent from the hearing. The appellants thus did not exercise reasonable diligence to secure evidence "not known to the party at the time of the original hearing."

2. There was adduced at the change-of-condition hearing, evidence that the claimant, who was receiving workmen's compensation for a back injury, convinced his

physician to allow him to return to work so as not to jeopardize his job, in spite of continued pain and difficulties preventing his performing his pre-accident duties; that he returned to work with lighter, limited and restricted duties, whereupon his compensation was terminated; that, while he was performing this lighter work, he was laid off due to economic conditions; and that, since then, he has remained unemployed, still experiencing physical symptoms from his injury. This evidence authorized the award of the administrative law judge, which was approved by the full board, and the superior court, for compensation for partial incapacity to work (except for a period of total incapacity to work during hospitalization) commencing with the claimant's economic change of condition when he was laid off from his job. See *Allstate Ins. Co. v. Prance,* 130 Ga. App. 735 (1) (202 SE2d 832) (1974); *Fleming v. U. S. Fidelity &c. Co.,* 137 Ga. App. 492 (2) (224 SE2d 127) (1976) and cits. The case of *Morris v. Liberty Mut. Ins. Co.,* 122 Ga. App. 436 (177 SE2d 174) (1970), and other cases urged as controlling in their favor by the appellants, are distinguished for the reason given in *Prance,* supra, p. 738, viz., that in those cases "the claimant returned to work for his employer at exactly the same duties as he had before his injury and there was no medical evidence that the claimant had any disability."

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 6, 1977 — DECIDED FEBRUARY 22, 1977.

*Thomas B. Monroe, Jr.,* for appellants.
*Hirsch, Beil & Partin, Jacob Beil,* for appellee.