## 53404. FIELDCREST MILLS, INC. v. RICHARD.

McMURRAY, Judge.

The claimant in this workmen's compensation case was injured on August 26, 1972, when she slipped and fell during the performance of her duties at employer's textile mill. During the fall her right foot went under the head gear of a loom, resulting in contusions, abrasions and

lacerations of the right foot. On September 8, 1972, the claimant and employer entered into an agreement as to payment of compensation for this specific member injury. By supplemental agreement dated September 25, 1972, it was agreed that employee return to work and that liability for temporary total disability ceased on that date. Both agreements were approved by the State Board of Workmen's Compensation, and the board received notice of final payment of the claim on November 17, 1973.

On September 15, 1975, claimant filed a claim and a hearing was held on December 9, 1975, to determine a change in condition. Subsequently an award was entered in favor of claimant ordering payment of compensation for claimant's total incapacity. Upon de novo consideration the full board adopted the findings of fact and conclusions of law of the administrative law judge. The full board was affirmed by the Superior Court of Muscogee County and employer appeals. *Held:*

1. The evidence disclosed claimant experienced continued difficulty with her foot, had also had difficulty with her back, and had experienced no other injury or fall which might explain her back trouble. Her physician's testimony was that she had a ruptured disc, not from long term degeneration, but in all probability caused by trauma, and that her foot trouble was also associated with pressure on the spinal cord resulting from the ruptured disc. The evidence authorized a finding that the spinal injury resulted as a consequence of the injury to the foot as a super-added injury. *Ocean Accident & Guarantee Corp. v. Harden,* 44 Ga. App. 223 (160 SE 699); *American Employers Ins. Co. v. Haygood,* 48 Ga. App. 663 (173 SE 377); *West Point Pepperell, Inc. v. Baggett,* 139 Ga. App. 813 (229 SE2d 666).

2. Employer contends that the approved 1972 agreements are res judicata as to matters determined therein and that the board acted without or in excess of its authority in making the award. The approved agreement stands with the same dignity as an award of the board based upon evidence adduced at hearing of the issues and is res judicata. But the board may review the award upon a hearing had pursuant to an application therefor filed under the provisions of Code § 114-709, as amended (see

Ga.L. 1937, pp. 230, 233; 1937, pp. 528, 534; 1943, pp. 167-169; 1968, pp. 3, 7; 1972, pp. 149, 150; 1973, pp. 232, 244), seeking a new award on account of further change in condition. See *Atlanta Coca Cola Bottling Co. v. Gates,* 225 Ga. 824 (171 SE2d 723); *Manus v. Liberty Mut. Ins. Co.,* 100 Ga. App. 289 (1) (111 SE2d 103); *Turner v. Travelers Ins. Co.,* 114 Ga. App. 729 (4) (152 SE2d 783); *Kay v. Maryland Cas. Co.,* 135 Ga. App. 108 (1) (217 SE2d 413).

3. Employer next contends that the award was based on an erroneous legal theory in changing from a specific member disability to general bodily disability because there was no evidence of change in economic condition. It is well settled that one of the things that the claimant must show in moving for a change in condition is that because of inability to work the employee has either a total or partial loss of income. *Miller v. Argonaut Ins. Co.,* 136 Ga. App. 101, 103 (220 SE2d 89). In the case sub judice the orthopedic surgeon who had examined claimant as recently as two days prior to the hearing, testified that due to claimant's problem with her back she was faced with the alternative of continuing without treatment, accomplishing nothing, staying off her feet in bed, or she could undergo surgery which would perhaps permit her to do some light type of work. This testimony conclusively shows that at the time of the hearing claimant was unable to do any type of work. The evidence authorized a finding that the average weekly wage claimant was then able to earn was zero.

4. Upon application for review all of the members of the State Board of Workmen's Compensation (directors; also designated administrative law judges when serving as hearing officers and exercising judicial functions — see Code Ann. § 114-701.14; Ga. L. 1975, pp. 198, 205) have very broad powers to review the evidence, or if deemed advisable, have a trial de novo, or remand to a single member or deputy director for reconsideration, correction of errors, and issuance of a new award, with or without the taking of additional evidence, or for the purpose of taking additional evidence for consideration by the full board in rendering any decision or award in the case. See Code Ann. § 114-708 (Ga. L. 1963, pp. 141, 156; 1975, pp. 198, 208). No reason has been shown why the full board should

have a trial de novo as claimed.

5. The error enumerated to the award of medical expenses is without merit since the amount is clearly certain. The language complained of as to such other expense as the parties may agree are reasonable is merely surplusage in considering this award. See *Ferrera v. Fireman's Fund Ins. Co.*, 138 Ga. App. 797 (2) (227 SE2d 443); *Commonwealth Ins. Co. v. Arnold*, 114 Ga. App. 835, 837 (2) (152 SE2d 896).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED JANUARY 31, 1977 — DECIDED MARCH 9, 1977 — REHEARING DENIED MARCH 29, 1977 — ▮

*Page, Scrantom, Harris, McGlamry & Chapman, Max R. McGlamry,* for appellant.

*H. Baxter Harcourt,* for appellee.

