55557. GEORGIA DEPARTMENT OF REVENUE et al. v. TUCKER.

McMURRAY, Judge.
This is a workmen's compensation case. On October 14, 1975, claimant injured her back while on the job with the Georgia Department of Revenue as a Clerk II. A Form 16 was executed for payment of compensation. However,

during some of this period she received her salary in lieu of weekly benefits. She was later operated upon for the removal of two ruptured discs in her back (laminectomy). On February 9, 1976, she returned to work and a Form 19 was executed stating this fact and that liability for temporary total disability had ceased on that date. Approximately four weeks after she went back to work she contends she "strained . . . [her] . . . back again," and reported this fact to her supervisor who told her to "go to the doctor again," about the first of March in 1976; that the doctor advised her she had strained her back where he had operated on her. Claimant also contends she notified her supervisor on or about the 16th or 17th of March that she was still unable to work. On or about March 25, 1976, she was discharged for allegedly abandoning her position. After her discharge she attempted to perform light work as a bartender for approximately three weeks in which period she received more salary and tips than she would have received as a Clerk II, but during the third week she was paid no salary and earned only $30 in tips. Since she was not paid her salary for the third week she quit. Claimant also had applied to the board for change in physician and was granted permission to seek the services of another doctor. She then sought a change in condition hearing which was held on October 5, 1976.

The administrative law judge entered her findings of fact and award in favor of the claimant that she had been unable to work due to her physical condition although she attempted to work as a bartender for three weeks and "that she experienced a change in condition from no incapacity to work to partial incapacity to work on or about May 16, 1976"; and again found partial incapacity to work to total incapacity to work, "when she was forced to leave her position as a bartender on or about April 6 or 7, 1976," (no payment of salary).

The employer appealed to the full board of the State Board of Workmen's Compensation and upon de novo consideration a majority of the board with one dissent made the findings and conclusions of the administrative law judge its findings of fact and conclusions of law except as to certain inconsistencies therein set out, that is, a change of condition from "no incapacity to work to total

incapacity to work, on or about March 15, 1976." In thereafter performing light work, she underwent a second change from total incapacity to work to no incapacity to work until she began receiving only $30 in tips; hence, when she quit this work she was capable of earning at least $30 per week and experienced a change in condition "from no incapacity to work to partial incapacity to work on or about April 8, 1976." The award was in accordance with the findings of fact by the board. On appeal to the superior court by the employer the award of the board was affirmed. The employer appeals. *Held:*

"[I]n moving for a change of condition a claimant must show (1) that the condition has changed for the worse, (2) that because of this change claimant is unable to work for any employer, (3) that because of inability to work the employee has either a total or partial loss of income, and (4) that the inability to work was proximately caused by the injury." *Miller v. Argonaut Ins. Co.,* 136 Ga. App. 101, 103 (1) (220 SE2d 89). Under the any evidence rule, which is binding upon this court, we cannot disturb this award unless one of these four prerequisites for a finding of change of condition is completely unsupported by the evidence. There was evidence here that the claimant's condition had changed for the worse, she was unable to continue to work for the employer and when she attempted to work for another employer, that employer had failed to pay her salary although she had earned some income as shown by the evidence and that because of her inability to work she had sustained a partial loss of income. Further, her inability to work was clearly due to the injury to her back caused by an accidental injury on the job. Accordingly, the trial court did not err in affirming the finding of partial incapacity to work. Such evidence is binding upon both the superior and appellate courts, and we cannot disturb the award. See Code § 114-710; *Wilson v. Aragon Mills,* 110 Ga. App. 392, 393 (138 SE2d 596); *Carey v. Travelers Ins. Co.,* 133 Ga. App. 657, 658 (1) (212 SE2d 13). See also *St. Paul Fire &c. Ins. Co. v. Lee,* 142 Ga. App. 233 (235 SE2d 659); *Insurance Co. of N. A. v. Nix,* 141 Ga. App. 342 (233 SE2d 468); *Allstate Ins. Co. v. Prance,* 130 Ga. App. 735 (1) (202 SE2d 832).

*Judgment affirmed. Quillian, P. J., and Webb, J.,*

*concur.*

ARGUED MARCH 7, 1978 — DECIDED MAY 4, 1978.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Don A. Langham, First Assistant Attorney General, Michael J. Bowers, Senior Assistant Attorney General, Wayne P. Yancey, Assistant Attorney General, G. Thomas Davis, Special Assistant Attorney General,* for appellants.
*George & George, William V. George,* for appellee.