## 62425. DENNINGTON v. ROCKDALE PACKAGE STORES, INC.

POPE, Judge.

This is a workers' compensation case. The claimant sustained a back injury on November 21, 1979 while lifting a case of whiskey in the course of her employment as the manager of a liquor store. She applied for and was awarded workers' compensation benefits for total disability for a specified period of time and was awarded benefits for partial disability thereafter.

The employer appealed the award to the State Board of Workers' Compensation. After consideration of the evidence de novo, the board adopted the findings of the administrative law judge but changed the partial disability award to total disability based upon their finding that the work offered to the claimant by her employer was not suitable to her impaired condition.

The employer appealed the award of the full board to the Superior Court of Rockdale County on the grounds (1) that the members of the board acted without or in excess of their power, (2) that there was not sufficient competent evidence in the record to sustain the board's order, and (3) that the order was contrary to law. Code Ann. § 114-710. At the hearing before the superior court, the employer's counsel stated that the claimant had returned to gainful employment prior to the time the full board issued its award. This evidence was discovered by the employer subsequent to the hearing before the board. The claimant's attorney at the hearing before the superior court agreed that claimant had engaged in "minimal part-time employment."

Statements of counsel during the trial of a case may be regarded

as admissions in judicio. *Gregory v. Star Enterprises,* 122 Ga. App. 12 (1) (176 SE2d 241) (1970). Based upon this evidence, the superior court issued an order setting aside the award of the board and finding that the claimant, "without intent to do so, . . . committed a fraud upon the board by failing to communicate her return to gainful employment to the board . . ." It is this order from which the claimant brings this discretionary appeal.

1. The claimant enumerates as error the superior court's consideration of the evidence of fraud on appeal. She argues that such evidence, which was in the nature of newly discovered evidence, was not considered by the board but was presented for the first time on appeal to the superior court. Code Ann. § 114-710 governing workers' compensation appeals to the superior court provides: "The findings of fact made by members [of the board] within their power shall, in the absence of fraud, be conclusive, but upon such hearing the court shall set aside the order or decree of the members, if it be found that . . . (2) The order or decree was procured by fraud . . ." We interpret this statute as allowing a superior court not only to exercise its appellate power to review board decisions, but in cases of alleged fraud the statute grants the superior court the power to consider evidence of such fraud which may be presented to the superior court for the first time on appeal. This procedure, establishing a dual role for the superior court as both a trial court and an appellate court in workers' compensation appeals, promotes judicial economy and the prevention of abuses in this governmentally administered program.

2. Code Ann. § 114-710 further provides that upon the setting aside of any such order, decree, or decision of the board the superior court may recommit the controversy to the board for further hearing or proceeding or may enter the proper judgment upon the findings as the nature of the case may demand. In the present case the trial judge made a finding of fraud and recommitted the controversy to the board for further proceedings.

Code Ann. § 37-702 provides: "Constructive fraud consists in any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another." The claimant was seeking workers' compensation benefits from the employer based on her alleged total disability and inability to work. Yet, at the same time she took this position before the board, she was gainfully employed by a different employer. We deem this evidence sufficient to support the superior court's finding of constructive fraud.

It should be noted, however, that in the present case the evidence of fraud was allegedly available to the employer prior to the board's award. Rule 708 of the Rules and Regulations of the State

Board of Workers' Compensation, governing the admission of such evidence, provides that the board may receive newly discovered evidence if it is of the nature and character of newly discovered evidence required for the granting of a new trial under Georgia law. That is, " '[t]he evidence sought to be introduced must not be evidence of a cumulative or merely impeaching character, but must be of a character as likely would have produced a different result had the evidence been procurable at first hearing. It must be shown that the evidence was not known to the party at the time of the original hearing, and that, by reasonable diligence, this new evidence could not have been secured.' " *Ins. Co. of N. A. v. Nix,* 141 Ga. App. 342 (1) (233 SE2d 468) (1977). ". . . [I]t is up to the employer to present his evidence at the hearing, not to offer it several months later." *Waters v. Travelers Ins. Co.,* 129 Ga. App. 761, 762 (201 SE2d 176) (1973). "Post mortem zeal and earnestness is not, in the eyes of the law, a substitute for ante mortem diligence." *Bass v. African Methodist Episcopal Church,* 155 Ga. 57, 60 (116 SE 816) (1923).

The superior court made no finding of fact as to whether the claimant's employment was known to the employer at the time the board made its award or, if not, whether this new evidence could have been secured by reasonable diligence on the part of the employer. However, since this matter has been recommitted for further proceedings in light of newly discovered evidence (claimant's employment), the board will undoubtedly consider all aspects of this evidence prior to making an award.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 2, 1981.

*A. R. Barksdale, James H. Weeks,* for appellant.
*Robert W. Maddox,* for appellee.