#### 63264, 63265. LINDER v. ALTERMAN FOODS, INC.; and vice versa.

McMURRAY, Presiding Judge.

This is a workers' compensation case. The administrative law judge determined that claimant's decedent died while in the course of his employment but that his death did not arise out of his employment. The full board then affirmed; but on appeal to the superior court the claim was remanded because the board had not determined which party had the burden of proof. The superior court found "that the burden of proof should be on the employer/self-insured pursuant to Board Rule 705 (d)." The superior court further held that Code Ann. § 114-705 (d) (Ga. L. 1978, pp. 2220, 2227) does not create nor constitute a statute of limitation foreclosing the employer's defense upon the employer's failure to file a notice to controvert (WC3) within 21 days of the date of the accident.

The widow claimant sought an appeal contending the WC3 notice to controvert was not timely filed within 21 days as required by Code Ann. § 114-705(d), supra, and she was entitled to a death case -

award under the circumstances. She further contends that the appellate courts have not passed upon this issue and a similar appeal has likewise been granted in another application. See in this connection *Raines & Milam v. Milam,* 161 Ga. App. 860 (289 SE2d 785). In the *Raines & Milam v. Milam* cases the Court of Appeals reversed the superior court which had held that the failure to formally file a notice to controvert after a notice of accident and death is analogous "to a statute of limitations for a claim and acts as a statutory estoppel or bar to controvert," directing the superior court to enter judgment in accordance with the judgment of the workers' compensation board.

Code § 114-705, as amended by Georgia Laws 1978, pages 2220, 2227, effective July 1, 1978, requires that income benefits be paid periodically "promptly and directly to the person entitled thereto, without an award, except where liability is controverted by the employer." The employer must controvert the right to compensation "on or before the 21st day after knowledge of the alleged injury or death." Thus, it would appear that if there is no notice controverting same the widow claimant would be entitled to her benefits.

In the case sub judice the claimant's decedent died as the result of a heart attack while working on the job and at the business of the employer/self-insured. Nothing was paid and no notification was made to the board until some months later when the widow of the decedent as claimant employed counsel to ask for a hearing to determine all Title 114 matters. Thereafter notice to controvert payment of compensation (Form WC3) was filed in which the employer/self-insured notified the board that it was contesting the right of the claimant to receive any compensation as there was no competent and credible evidence "that it was attributable to the performance of the usual work or employment and all other Title 114 issues."

A hearing was then held, and certain stipulations were entered such as jurisdiction, the parties are subject to the Act, venue was proper, coverage by self-insurance as employer qualified to be self-insured, general employment and average weekly wage of a certain amount, notice of the heart attack and the incident on January 20, 1980, which was fatal, and the dependency of the spouse claimant. The employer/self-insured contended the only issue remaining is whether or not the accident and injury arose out of and in the course of the decedent's employment, granted that he died on the job from the fatal heart attack. The claimant also contended there was an issue as to liability of the employer/self-insured for attorney fees due to failure to make timely payment and that the burden was upon the employer/self-insured under Rule 705 (d) to controvert the

presumption that the accident was compensable "subject to rebuttal." The administrative law judge then instructed the claimant to put up her side of the case "and then I'll determine the burden from there." He made no further determination but the hearing seems to have placed the burden of proof upon the claimant. The employer/self-insured then presented evidence, and after the submission of documents the hearing was concluded with the record left open for 30 days for medical evidence.

On appeal to the superior court and after oral argument that court determined that there had been no determination of which party had the burden of proof holding that the burden of proof should be on the employer/self-insured pursuant to Rule 705 (d) and remanded the case to the State Board of Workers' Compensation for a determination as to whether the burden of proof was placed on the employer/self-insured and whether or not the employer/self-insured met that burden of proof, holding, however, that Code § 114-705 (d) "does not create nor constitute a statute of limitation foreclosing the employer's defense upon the employer's failure to file a notice to controvert (WC3) within twenty one days of the date of accident."

Because of the numerous cases in which discretionary appeals have been granted with regard to Code Ann. § 114-705, supra, we granted the claimant's application. A notice of appeal (No. 63264) was filed, and claimant enumerates as error that the superior court erred in failing to hold as a matter of law that the employer waived its right to defend against liability when it defaulted on its obligation to timely controvert in merely remanding the claim for determination of which party had the burden of proof rather than ordering the board to award compensation benefits.

A notice of cross appeal (No. 63265) was then filed by the employer/self-insured in which it enumerates error to the remanding of the claim to the workers' compensation board for a determination as to which party had the burden of proof. *Held:*

1. A motion to dismiss the cross appeal has been filed by the claimant. No application was made by the employer/self-insured as required by Code Ann. § 6-701.1 (Ga. L. 1979, pp. 619, 620). However, *Southeast Ceramics v. Klem,* 246 Ga. 294 (1) (271 SE2d 199), controls. If a direct appeal is taken, the cross appeal may be filed also. The motion to dismiss is denied.

2. The claimant's enumerations of error are not meritorious in the light of the holding in *Raines & Milam v. Milam,* 161 Ga. App. 860, supra, that the substance of Code Ann. § 114-705 (d), supra, established by the General Assembly in its recent amendment of the statute amounts to sanctions and there is no absolute estoppel or statute of limitation in this statute. This case is controlled adversely

to the claimant.

3. It is very apparent from the record that the burden of proof was placed on the claimant in spite of the applicable rule when the employer fails to properly file Form WC3, adopted by the board, Rule 705 (d), that "the accident will be presumed to be compensable, subject to rebuttal." Yet both sides had ample opportunity to present all evidence in support of the issues, and we see no necessity for the case to be remanded for further consideration by the board. See in this connection such cases as *Employers Ins. Co. of Alabama v. Brackett,* 114 Ga. App. 661, 663 (152 SE2d 420); *American Motorists Ins. Co. v. Brown,* 128 Ga. App. 813, 814 (198 SE2d 348); *Givens v. Gray,* 126 Ga. App. 309, 310 (190 SE2d 607).

*Judgment affirmed as to the appeal in Case No. 63264; reversed as to the remand appealed in Case No. 63265. Banke and Birdsong, JJ., concur.*

DECIDED JULY 2, 1982.

*Michael Jablonski, John M. Williams,* for appellant.
*John P. Hines, H. Durance Lowendick,* for appellee.