64246. SEWELL PLASTICS, INC. et al. v. SKELTON.

BANKE, Judge.
This is an appeal from a judgment of the superior court reversing the State Board of Workers' Compensation because "the administrative law judge based her initial award . . . upon erroneous

findings of fact, which were material to her ruling." The trial court also designated that medical information submitted to the full board on appeal, but not considered by the administrative law judge, be considered on remand as newly discovered evidence.

The administrative law judge made reference to an automobile accident as being related to the claimant's injury. In fact, the evidence concerning the automobile accident established that it was the claimant's son rather than the claimant who was involved in the accident. There was, however, other evidence which supported the award. *Held:*

1. "If an award of the State Board of Workmen's Compensation is authorized by any competent evidence, it must be affirmed even if the board or hearing director considered illegal evidence or assigned erroneous reasons for the award, provided that the award was not based upon an erroneous legal theory which precluded the consideration by the board or hearing director of evidence which, if the same had been considered, would have authorized a contrary result." *Fidelity & Cas. Co. of N.Y. v. Hodges,* 108 Ga. App. 474 (1) (133 SE2d 406) (1963); also see *Bouldware v. Delta Corp.,* 160 Ga. App. 100 (286 SE2d 333) (1981). The administrative law judge's award was in no sense based upon an erroneous legal theory, even though she did assign an erroneous reason for the award. It follows that the judgment of the superior court was in error.

2. The trial court's reference to "newly discovered evidence" apparently concerns a letter from one of the claimant's physicians. "Rule 708 of the Rules and Regulations of the State Board of Workers' Compensation, governing the admission of such evidence, provides that the board may receive newly discovered evidence if it is of the nature and character of newly discovered evidence required for the granting of a new trial under Georgia law. That is ' "[t]he evidence sought to be introduced must not be evidence of a cumulative or merely impeaching character, but must be of a character as likely would have produced a different result had the evidence been procurable at first hearing. It must be shown that the evidence was not known to the party at the time of the original hearing, and that, by reasonable diligence, this new evidence could not have been secured." ' *Ins. Co. of N. A. v. Nix,* 141 Ga. App. 342 (1) (233 SE2d 468) (1977)." *Dennington v. Rockdale Package Stores,* 161 Ga. App. 450, 451 (288 SE2d 709) (1982). It is apparent that the information contained in the letter could have been discovered previously through diligence, and for that reason it was not admissible. Furthermore, neither the superior court nor this court may remand a case for consideration of additional evidence, whether newly discovered or not, where there is evidence in the record which supports the award. *Hartford Acc. &c. Co. v. Snyder,*

126 Ga. App. 31 (6) (189 SE2d 919) (1972). As previously noted, such evidence exists in this case.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

Decided July 16, 1982.

*James T. McDonald, Jr., Douglas A. Bennett,* for appellants.
*Laurence L. Christensen,* for appellee.