### 64271. ANDERSON v. ARAGUEL, SANDERS, CARTER & SWAIN et al.

McMurray, Presiding Judge.

This is a workers' compensation case. We granted this application for discretionary appeal because the insurer began to pay claimant compensation but after 165 days filed a notice to controvert on the ground of change of condition and newly discovered evidence (no coverage and accident did not arise out of and in the course of employment). This was one of a series of workers' compensation cases in which appeals were granted having reference to Code Ann. § 114-705 (as amended by Ga. L. 1978, pp. 2220, 2227), as well as Rule 705 adopted pursuant to the statute by the board effective July 1, 1980. See in this connection *Raines & Milam v. Milam,* 161 Ga. App. 860 (289 SE2d 785); *Linder v. Alterman Foods,* 162 Ga. App. 786 (292 SE2d 900); and *Holt Service Co. v. Modlin,* 163 Ga. App. 283 (293 SE2d 741). However, the above cases are not controlling here.

The claimant was a prospective professional basketball player (having played in college, Clemson University and Columbus College) who had contacted a law firm with the idea of the law firm representing him as his agent. He was hired by the law firm to perform certain jobs around the law office and to assist a partner with reference to an apartment project. He was allowed to live rent free in an apartment in the project. On Sunday, August 10, 1980, while making a telephone call to one of the members of the law firm at a telephone located outside of a convenience store near his apartment, he was injured when a vehicle which was attempting to park was unable to stop and struck him, injuring his left leg.

The incident was duly reported to the employer, and a claims representative of its insurer received a first report of injury. This insurer representative proceeded to investigate the claim, getting a statement from the employee and contacting the medical personnel with reference to the injury, the extent of the injury; and she also contacted the partner of the law firm who was talking to the claimant on the telephone at the time he was injured. The insurer immediately began making benefit payments to the claimant, and WC-2 form dated September 5, 1980, was thereafter received by the board September 9, 1980, indicating that benefits would be paid to the claimant with the date of first payment shown to have been made on

September 5, 1980. Thereafter a second form WC-2, dated October 10, 1980, was received by the board on October 14, 1980, indicating that benefits would be suspended on September 18, 1980, for the reason that the employee/claimant returned to school on a scholarship.

Claimant's attorney then filed a motion requesting the granting of an interlocutory order for improper suspension, received by the board on February 11, 1981, together with certain medical progress reports, indicating that as late as November 26, 1980, the claimant was still under the care of the doctors with reference to his injured left knee. An order dated February 12, 1981, was issued directing the employer/insurer to resume immediately the payment of compensation benefits pending the issuance of a formal award with reference to the claim.

On February 17, 1981, the employer/insurer filed a WC-3 form (notice to controvert payment of compensation) in compliance with Code Ann. § 114-705 (d), supra, contending therein that the insured's carrier had learned through newly discovered evidence that the accident to the claimant did not arise out of and in the course of his employment with the insured and there was no coverage afforded the insured by the insurer with respect to the employee while working for an entirely separate entity. This form was received by the board on February 20, 1981.

The claim was then heard by an administrative law judge on March 12, 1981, "to determine a change in condition and all other proper issues" (newly discovered evidence in connection with the injury). On May 26, 1981, the administrative law judge, after reciting the above facts with reference to the claim, set forth his findings of fact and conclusions of law, which were that the claimant, based upon the testimony, was performing personal duties for a partner of the law firm and not for the law firm at the time he was injured, that is, making the telephone call to the partner for instructions in order to collect late rent payments due on the apartment project owned by the law partner, "titled" in his name. Other findings were also made with reference to the change of condition, but the determination made was that the claimant's activities on that date did not relate to the law firm in any way but rather related to the work for the partner, individually, concerning the apartment complex, and the injury did not arise out of or in the course of his employment with the law firm for which he was insured under the workers' compensation law. Consequently, the suspension of benefits on September 18, 1980, was held to be a moot question, and the claim was denied. On review by the board the findings and conclusions of the administrative law judge were made the findings and conclusions of the board, and

claimant appealed to the superior court. The award was affirmed, and the appeal is before this court upon the grant of the application for discretionary appeal. *Held:*

Under Code Ann. § 114-705 (h), supra, where compensation is being paid without an award, as in this case, "the right to compensation shall not be controverted except upon the grounds of change in condition or newly discovered evidence unless notice to controvert is filed with the board within 60 days of the due date of first payment of compensation." The due date of the first payment of compensation was September 5, 1980. The date of the notice to controvert payment of compensation was February 17, 1981, received by the board on February 20, 1981, some 165 days later and 105 days after the 60-day period set forth in the statute. We note here that while the board set forth certain facts as to the change in condition, no decision was made with reference to same as the board (and the administrative law judge) based upon the alleged newly discovered evidence made a determination that the claimant was not entitled to benefits and concluded it was a moot question as to whether or not the insurance carrier's suspension of benefits on September 18, 1980, was valid. Consequently, we have for decision here only the issue of whether or not the so-called newly discovered evidence (or newly discovered facts) could be considered under Rule 708 of the board requiring the board to apply the law of Georgia regarding the nature and character of newly discovered evidence required for the granting of a new trial. Recent decisions having application to newly discovered evidence set forth that such evidence must not be cumulative or merely impeaching in character but must be of a character that likely would have produced a different result had the evidence been procurable at the first hearing, and it must be shown that the evidence was not known to the party at the time of the original hearing, and by reasonable diligence this new evidence could not have been secured at that time. See *Insurance Co. of N. A. v. Nix,* 141 Ga. App. 342 (1) (233 SE2d 468); *Dennington v. Rockdale Package Stores,* 161 Ga. App. 450 (288 SE2d 709); *Sewell Plastics, Inc. v. Skelton,* 163 Ga. App. 163 (293 SE2d 555). It can be argued here that this is the first opportunity for a hearing, but the recent changes in the workers' compensation law do not require a hearing for the beginning of payments but require the employer/insurer to begin payments immediately unless controverted without an award under Code Ann. § 114-705, supra; and a notice to controvert must be filed with the board within 60 days of the due date of the first payment of compensation "except upon the grounds of change in condition or newly discovered evidence."

The insurer is the alter ego of the employer and what the

employer knows the insurer knows as a matter of law. See *Mull v. Aetna Cas. &c. Co.,* 120 Ga. App. 791 (172 SE2d 147); *Fred S. James & Co. v. King,* 160 Ga. App. 697, 699 (288 SE2d 52). Thus, it cannot be said that any misunderstanding between the insurer's agent and one of the employers (a member of the law firm with reference to whether or not this claim arose out of and in the course of employment with the law firm) as to the employer/employee relationship could not have been diligently ascertained before the first payment was made. Accordingly, under the recent cases of *Dennington v. Rockdale Package Stores,* 161 Ga. App. 450, 452, supra, and *Sewell Plastics, Inc. v. Skelton,* 163 Ga. App. 163, supra, the newly discovered facts that the incident might not have arisen out of and in the course of the employment could not be considered, as the evidence in regard thereto could have been obtained with reasonable diligence prior to the payments made.

The case is reversed and remanded to the superior court with direction that same be remanded to the board for determination as to whether or not the insurer/carrier suspension of benefits on September 18, 1980, was valid or not based upon the alleged change of condition.

*Judgment reversed and case remanded with direction. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 24, 1982.

*Alex Byars,* for appellant.
*Robert R. Potter,* for appellees.