67097. MOORE BUSINESS FORMS, INC. et al. v. MATTHEWS.

POPE, Judge.

On September 22, 1977 appellee-claimant injured her left knee while in the course of her employment. A "Form 16" Agreement as to Compensation was filed with and approved by the Workers' Compensation Board. Pursuant to this agreement, appellant-employer paid compensation to appellee for the time she lost from work due to the injury over a period of approximately six weeks following the accident. During this time appellee returned to work on or about October 10 — October 21, 1977. Appellee's return to work and the employer's cessation of compensation was reported to the Board by way of a "Form 19" Supplemental Memorandum Agreement which was approved by the Board. On November 2, 1977 appellee was able to permanently return to work and this too was reported to the Board through use of a "Form 19" which recited that liability for temporary total disability ceased on November 2, 1977. This was approved by the Board on December 5, 1977. Appellee received final payment in December 1977. Appellant-employer filed a "Form 20" Report and

Notice of Final Payment of Compensation Benefits with the Board on February 16, 1978.

In April 1980, due to pain in her previously injured knee, appellee consulted the orthopedist who had last treated her knee on December 5, 1977. Surgery was performed on her knee on August 12, 1980. Appellee was forced to stop work for appellant on or about August 25, 1980 because her knee problem precluded her performance of the duties of her job. On February 28, 1981 appellee filed a claim with the Workers' Compensation Board. Appellant subsequently filed a Notice to Controvert such claim.

The Administrative Law Judge found no intervening accident or fall since the initial injury to appellee's knee, "just nothing other than ordinary, daily routine." Concluding that appellee's disability was not due to a new accident, but instead was attributable to a change of condition, the ALJ denied her claim, presumably because it was filed more than two years after the filing of the "Form 20" Report and Notice of Final Payment of Compensation Benefits. The full Board adopted the findings and conclusions of the ALJ, except that the Board found the filing of the "Form 20" to have been premature. The claim was remanded to the ALJ for receipt of evidence as to an impairment rating of appellee's leg and for determination of medical expenses. Upon such remand, a medical report from appellee's treating orthopedist was received into evidence. The report assigned a 15% permanent partial disability to appellee's leg, and this rating was adopted by the Board with compensation benefits awarded accordingly. The Superior Court affirmed the Board's award and appellant's subsequent application for discretionary review was granted by this Court.

Appellant-employer contends that the Board erred by remanding appellee's claim to the ALJ for receipt of evidence as to an impairment rating of the injured leg. Appellant argues that the orthopedist's medical report is irrelevant since the claim filed on February 28, 1981 is barred by the applicable statute of limitation. We agree.

The ALJ found and the Board agreed that appellee's disability results from a change of condition. The record indisputably supports the finding that no new accident occurred. In fact, appellee's situation fits the category described in Division (1) (c) of *Central State Hosp. v. James*, 147 Ga. App. 308, 309 (248 SE2d 678) (1978), which provides the following description of circumstances "where the claimant sustains an injury and is awarded compensation during [her] period of disability. Subsequent thereto [she] returns to [her] employment performing [her] normal duties or ordinary work. Then as a result of the wear and tear of ordinary life and the activity connected with performing [her] normal duties and not because of a specific job-related incident [her] condition gradually worsens to the point that [she] can

no longer continue to perform [her] ordinary work. This gradual worsening or deterioration would constitute a change in [her] condition and not a new accident. [Cits.]" The record further supports appellee's situation as an economic change in condition based upon testimony that she was unable to perform her duties due to the restrictions placed upon her by her treating orthopedist, with the result that she was forced to stop work because a job consonant with such limitations was not provided by appellant-employer. See generally *Bibb Co. v. Epps,* 143 Ga. App. 540 (239 SE2d 210) (1977).

The sole method for modification or termination of benefits under an award or agreement is by Board review based upon a change of condition. See OCGA § 34-9-104 (b) (former Code Ann. § 114-709). However, "a supplemental agreement filed and approved by the board which merely recite[s] that employee returned to work on a given date and that liability to pay compensation ceased on that date [is] binding and must be given full effect." *Aetna Cas. &c. Co. v. Williams,* 131 Ga. App. 376, 377 (206 SE2d 91) (1974). See *Atlanta Coca-Cola Bottling Co. v. Gates,* 225 Ga. 824 (171 SE2d 723) (1969). Therefore, in the present appeal, the "Form 19" Supplemental Agreement which was signed by the employer and the claimant, filed November 29, 1977 and approved December 5, 1977, was sufficient to show such change of condition to discontinue benefits under the original agreement to pay compensation. Cf. *Coggins Granite Industries v. Jones,* 129 Ga. App. 886 (1) (201 SE2d 646) (1973). "The . . . supplemental return to work agreement terminated the obligation of the employer and the insurer to pay claimant further compensation and was the last agreement which resulted in an award for either party." *Morris v. Liberty Mutual Ins. Co.,* 122 Ga. App. 436, 438 (177 SE2d 174) (1970). Accord, *Kay v. Maryland Cas. Co.,* 135 Ga. App. 108 (1) (217 SE2d 413) (1975). See also *Fieldcrest Mills v. Richard,* 141 Ga. App. 702 (2) (234 SE2d 345) (1977).

In order to resume the payment of benefits under the original agreement as to compensation for the September 22, 1977 injury, it was, thus, necessary for appellee to file a request for change of condition hearing to determine her eligibility for compensation pursuant to the statute applicable at the time of her injury, 1977. See *Hart v. Owens-Illinois,* 250 Ga. 397 (297 SE2d 462) (1982). The statute governing modification of awards based upon change of condition was former Code Ann. § 114-709 (Ga. L. 1973, pp. 232, 245) which provided in pertinent part: "Upon their own motion before judicial determination or upon the application of any party in interest on the grounds of a change in condition, the State Board of Workman's Compensation may, *not later than two years from the date that the Board is notified that the final payment of a claim has been made* pursuant to a Board order, review of any award or any settlement

made between the parties and approved by the Board and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon. . . ." (Emphasis supplied.) Appellee last received compensation benefits for her September 22, 1977 injury in December 1977. Appellant filed with the Board the "Form 20" Notice of Final Payment of Compensation Benefits on February 16, 1978. Cf. *Coosa Baking Co. v. Thomas*, 165 Ga. App. 313, 314 (299 SE2d 145) (1983). Appellee's claim for change of condition was filed on February 28, 1981, *three* years from the date the Board was notified of her receipt of final payment. Such claim was, thus, barred by the two-year statute of limitation and must be denied.

*Judgment reversed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MARCH 5, 1984.

*Evans J. Plowden, Jr.*, for appellants.
*William H. Hedrick*, for appellee.