No. 72.—THE CENTRAL BANK OF GEORGIA, plaintiff in error, *vs.* PETER SOLOMON, executor of William Solomon, deceased, defendant.

[1.] A Statute of Limitation cannot bar for lapse of time before its passage; but if a reasonable time be fixed from the period at which the Statute goes into operation, it will be good.

Complaint. Bibb. Tried before Judge POWERS, May Term, 1856.

The Central Bank of Georgia instituted an action against the executor of William Solomon, deceased, to recover a sum of money due upon a promissory note given by the deceased in his lifetime.

Defendant pleaded the Statute of Limitations.

Upon the trial, plaintiff demurred to this plea on the ground

that the Statute did not run as against the Central Bank, and moved to dismiss the same.

The Court over-ruled the motion, and the Jury, under the instruction of the Court, found for the defendant.

To this ruling Counsel for plaintiff excepted.

L. N. WHITTLE, for plaintiff in error.

STUBBS & HILL, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This case involves the construction, generally, of the Statute of Limitations passed by the last Legislature.

To a great extent, this is an embodiment or consolidation of all the previous law upon this subject. It creates a few new bars where none had existed before ; shortens others. and makes other changes to which we need not particularly advert.

The XXXVIIIth section declares, that "when, by the provisions of this Act, a private person would be barred of his. rights, the State shall be barred of her rights under the same circumstances." (*Pamphlet Acts, p.* 237.)

Under this provision it is contended, and the Circuit Court so held, that where more than six years had run against a note due the State, on the first day of June, 1856, when this Statute went into operation, the cause of action was gone; that is, that the Act applied to, and retroacted on existing contracts, without allowing *any time* within which the same might be enforced.

We should struggle hard against such an interpretation of this Act. As between private persons, it could not and would not be enforced. In *Pratt vs. Vattier and others,* (1 *Mc. Leans' Rep.* 146,) the Court say, "It would scarcely be contended that it would be in the power of the Legislature to.

prevent, by special provision, the prosecution of any action for the recovery of a right where the limitation had expired before the passage of the Act. Such Acts must be prospective, although the time within which suit must be brought may be limited by legislative discretion."

Indeed, it is not contended that the Legislature has the power to bar an action by a provision entirely retrospective in its operation—as between private persons. And we understand from the law itself that the same rule of exposition is to be applied as between the State and a private person. The Act intends to put all on the same footing.

A judgment lien on land is taken away under this Act, where the property has been *four* years in the possession of a *bona fide* purchaser. Formerly, it took *seven* years to oust the creditor. Suppose four years had already elapsed when the Act went into operation, would any Court hold that the short term created by this Act would be enforced? So, a legatee or distributee is required to sue in ten years. But suppose that time has already expired, is the right gone? We apprehend not. Neither did the Legislature intend that all open accounts due the State on the State Road and elsewhere should be lost, provided four years had already elapsed since the account fell due, or six years, if a note debt. Language the most plain and unequivocal must constrain us to take such a leap in the dark as this.

As time was not counted against the State, until this Act went into operation, the same bar will be reckoned against her from and after the first day of June, 1856, as would be applied to private persons, both as to existing as well as future contracts. This will give the State a reasonable time, because it is the statutory time within which to enforce her contracts.

It is stated that the 38th section was designed to discharge certain persons from their liability. We will not believe that the Legislature sought, in this covert manner, to release a portion of its debtors. That they have the power to do this, we will not deny. But we doubt not they will exercise it

openly, naming the individuals and their reasons, whenever they see fit to bestow such a boon.