25589.  TRAVELERS INSURANCE COMPANY *et al. v.* ANDERSON.

DECIDED NOVEMBER 14, 1936.  REHEARING DENIED DECEMBER 12, 1936.

*Neely, Marshall & Greene,* for plaintiff in error.
*Pat Haralson, T. S. Candler,* contra.

STEPHENS, J.  On June 4, 1926, Willard Anderson, while employed by Evans & Lance at a wage of $15 per week, sustained an accident arising out of and in the course of his employment when the truck which he was driving turned over and seriously injured his head.  There being no dispute with respect to liability for compensation, the employers and their insurer immediately entered into agreement to pay compensation in accordance with the compensation act at the rate of $7.50 per week, beginning June 11, 1926, and continuing during disability.  Under this agreement, which was approved by the Industrial Commission (now

the Department of Industrial Relations), Anderson was paid compensation for 36-2/6 weeks. During the latter part of February, 1927, Anderson admitted that he was able to do light work, and agreed that he was then capable of earning $3 per week. When this fact became known, supplemental agreements were entered into between the parties, under which Anderson became entitled to receive $6 per week as compensation, said sum representing one half of the difference between the amount which he was earning at the time he was injured ($15 a week), and the amount which he admitted he was capable of earning and was actually earning after the accident ($3 a week); and under this agreement (which was entered into pursuant to section 31 of the workmen's compensation act, Code, § 114-405), Anderson was paid $6 per week for and during the ensuing 10 weeks, making total payments of compensation to the claimant of 46-2/6 weeks, aggregating $332.50. On May 28, 1927, Anderson executed a final settlement receipt on the form prescribed by the Department of Industrial Relations, in which he acknowledged having been paid compensation for 46-2/6 weeks, totaling $332.50, and in which it was stipulated by Anderson that "he returned to work on the second day of May, 1927, at a wage of $15 per week." (See settlement receipt dated May 28, 1927.) After Anderson admitted that he was working and earning the wages which he was receiving at the time he was injured, to wit: $15 per week, and after the agreement of May 28, 1927, was executed and filed with the Department of Industrial Relations, nothing further was heard from the case until October, 1935, when the claimant filed application for additional compensation, based on a change in condition. On October 30, 1935, there was a hearing on this application. In this hearing, the claimant introduced evidence to the effect that after the final settlement receipt of May 28, 1927, he was able to earn $15 for only a short period of time after the receipt was executed. He testified that, in his opinion, during the past four or five years he had forced himself to work at least one third of the time since he returned to work in May, 1927. His testimony was, that, during the four or five years preceding the hearing, he had forced himself to work at least one third of the time, and that during the time between May, 1927, and October 30, 1934, he had worked and earned approximately one third of the amount which

he was earning when he was injured. The employers and the insurance carrier (plaintiffs in error) did not dispute that the claimant was totally disabled as of the time of the hearing; but they did contend that the evidence of the claimant showed that between May, 1927, and October, 1934, he had worked and had earned at least one third of the amount which he was earning at the time he was injured. There was evidence to authorize a finding that the claimant was totally disabled from October, 1934, to October, 1935, the date of the hearing.

The director of the Department of Industrial Relations held as follows: "After a careful review of the testimony in this case, it appears to this director, and he so finds, that Willard Anderson, the claimant, has been suffering continuously with a disability which resulted from his accidental injury sustained on June 4, 1926, while in the employ of Evans & Lance, and for which he has been paid compensation for a period of 46-2/6 weeks. It also appears, and the director finds, that for the past year, prior to October 30, 1935, Anderson has been totally disabled to engage in any occupation, due to his disability; that, due to a change in his physical condition for the worse, he is entitled to receive compensation at the rate of $7.50 per week beginning as of October 30, 1934, and continuing during his total disability, subject to the limit of 350 weeks including the 46-2/6 weeks previously paid."

From this award the employers and the insurance carrier appealed on the following grounds: "Because under the finding of fact as made by the department in said award, that 'the claimant has been suffering continuously with a disability which resulted from his accidental injury on June 4, 1926, the Department of Industrial Relations should have made their award under section 31 of the Georgia workmen's compensation act (Code of Georgia of 1933, § 114-405) [which provides for a partial disability], and not under section 30 of said act (Code of Georgia, 1933, § 114-404) [which provides for a total disability]. Because under the evidence in the case, the Department of Industrial Relations should have ruled and found as a fact that between April, 1927, and October, 1934, the claimant was disabled to the extent of two thirds of his earning capacity; and the Department of Industrial Relations should have granted compensation under section 31, as aforesaid, at the rate of $5 per week beginning April 1st, 1927,

and continuing at said rate for a period of 300 weeks from the date of the accident." The superior court denied the appeal and affirmed the award, and the employers and the insurance carrier excepted.

The sole question presented for determination, as made by the plaintiffs in error in their brief, is as follows: "Whether, the claimant having admitted and having demonstrated that from August, 1927, until October, 1934, he was not only capable of earning, but that he worked and actually earned at least one third of the amount of money which he was receiving at the time he was injured in June, 1926, should the Department of Industrial Relations have made an award in favor of the claimant under the provisions of section 114-405 of the Code of 1933 [section 31 of the act, which provides for a partial disability]. . . Or, to state the question differently, could the Department of Industrial Relations, under the evidence of the claimant, ignore the period from August, 1927, until October, 1934, during which time the department found as a fact that Willard Anderson 'has been suffering continuously with a disability which resulted from his accidental injury sustained on June 4, 1926,' and make an award as for a total disability under section 114-404 of the Code of 1933 [sec. 30 of the act, which provides for a total disability], beginning as of October 30, 1934, and to continue for a period of 350 weeks, less the weeks during which compensation had been paid?" The plaintiffs in error contend that compensation should have been awarded as for a partial disability, as provided in section 31 of the compensation act, and not as for a total disability as provided in section 30 of the act. The evidence authorized the finding by the director of the Department of Industrial Relations that the claimant, for the period found, had been suffering from a total disability due to the original injury which arose out of and in the course of the employment. The fact that the claimant, immediately preceding the period of total disability, suffered a partial disability only resulting from the same injury does not debar him from the right to compensation for the total disability. The judge of the superior court did not err in overruling the appeal brought by the employer and the insurance carrier from the award of the Department of Industrial Relations.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*