TRAVELERS INSURANCE COMPANY *v.* ANDERSON.

No. 11745. December 1, 1937.

*Neely, Marshall & Greene,* for plaintiff in error.

On June 4, 1926, Willard Anderson, an employee, received an injury for which he was compensable under the Georgia workmen's compensation act of 1920, as amended by the acts of 1922 and 1923 (Ga. L. 1920, p. 167; 1922, p. 190; 1923, p. 95). Code, § 114-101 et seq. He was totally incapacitated until February, 1927, after which time, due to improvement of his condition, the incapacity was only partial, and this partial incapacity continued until May 1927. The employer voluntarily paid the amount due, first, for the time of total incapacity, and second, for the time of partial incapacity stipulated between the parties, according to the provisions of the statute; and on May 28, 1929, the employee executed final settlement receipt on the form prescribed by the Department of Industrial Relations. No issue was made before the commission as to liability for or the amount of compensation, and consequently no final judgment was entered by the commission fixing such liability and amount to be paid. The period of the combined disabilities covered 46-2/6ths weeks, the receipt showing that the employee had returned to work on May 2, at the wage he was earning at the time of his injury. Early in October, 1935, the employee filed an application for additional compensation based on a change in condition. After hearing evidence the director found that after the settlement between the parties, based on total and partial incapacity as above indicated, the claimant had been "suffering continuously with a disability which resulted from his accidental injury sustained on June 4, 1926," and that there was

a change in condition for the worse, resulting in total incapacity, due to the same injury, and awarded weekly compensation based on total incapacity, "beginning as of October 30, 1934, and continuing during his total incapacity, subject to the limit of 350 weeks including the 46-2/6 weeks previously paid." The award was affirmed by the commission and was sustained on appeal to the superior court, and this judgment was affirmed by the Court of Appeals. In a petition for certiorari error is assigned on the° judgment of the Court of Appeals on the grounds (substantially stated), that, the evidence showing and the director having found that there was total incapacity from the date of the injury in 1926 to August, 1927, followed by a period of partial incapacity from the latter date to October, 1934 (covering a period of more than 350 weeks), the claim for compensation during such period was governed solely by section 31 of the workmen's compensation act (Code, § 114-405), and that the Court of Appeals erred in disregarding that period and that provision of the statute and in awarding compensation for total incapacity under section 30 of the act (§ 114-404).

ATKINSON, Presiding Justice. 1. Code § 114-404 is a codification of section 30 of the workmen's compensation act as amended, and § 114-405 is a codification of section 31 of that act. Code § 114-404, so far as material to be stated, provides: "When the incapacity to work resulting from an injury is total, the employer shall pay or cause to be paid, as hereinafter provided for, to the employee during such total incapacity a weekly compensation, . . and in no case shall the period covered by such compensation be greater than 350 weeks, nor shall the total amount of compensation exceed $5,000." Code § 114-405, so far as material here, provides: "Except as otherwise provided in the next section hereafter [relating to loss or partial loss of a member and loss of vision] where the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such incapacity, a weekly compensation, . . and in no case shall the period covered by such compensation be greater than 300 weeks from the date of the injury. In case the partial incapacity begins after a period of total incapacity, the latter period shall be deducted from the maximum period herein allowed for partial

incapacity. The total compensation payable shall in no case exceed $5,000." These sections, in the circumstances of this case, are to be considered in connection with § 114-709, as follows: "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the Department of Industrial Relations may at any time review any award or any settlement made between the parties and filed with the Department, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this Title, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid."

When the foregoing provisions of the statute are considered together as applied to the facts of the case, the director was not authorized to award additional weekly compensation on the basis of total incapacity, commencing "October 30, 1934, and continuing during his total disability, subject to the limit of 350 weeks including the 46-2/6 weeks previously paid." This is so because the finding of the director that the claimant had been suffering continuously with a disability which resulted from his accidental injury sustained on June 4, 1926, and that there was a change of condition for the worse resulting in total incapacity, must be construed as finding that the disability referred to was only partial during the period mentioned. Under this construction the compensable period for both partial and total disability would have been exhausted previously to October, 1934. His whole compensable periods would have been consumed by allowance as for partial incapacity, and any compensation would have been allowable under the Code, § 114-405. In this view the Court of Appeals erred in affirming the judgment of the trial court.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Hutcheson, J., who dissent, and Jenkins, J., disqualified.*

RUSSELL, Chief Justice. I approve the opinion and judgment of the Court of Appeals in toto, and consequently dissent from the judgment of reversal. Mr. Justice Hutcheson concurs in this dissent.