27042. MARYLAND CASUALTY COMPANY *et al. v.* POSEY.

DECIDED NOVEMBER 3, 1938.

*Thomas A. Fry, Haas, Gambrell & Gardner,* for plaintiffs in error.
*D. B. Howe, E. S. Griffith,* contra.

FELTON, J. Charley Posey became disabled on June 27, 1924, by a loss of fifty per cent. of the vision of his right eye, by reason

of a small rock being hurled into it by a dynamite explosion. An agreement.was entered into between the employer, Haralson County, and the employee, covering compensation for the injury, which was paid in full, the last installment having been paid on August 26, 1925. On August 27, 1937, the employee made application for additional compensation, on the ground of change in condition caused by the necessity to remove his right eye. A majority of the directors denied compensation, on the grounds, that there was no medical evidence to show that it was necessary to have the eye removed and that the removal was necessitated by the original accident; that the Industrial Board had no jurisdiction of Haralson County as an employer; and that more than two years had elapsed from the date of the notice to the Industrial Board of the final payment of the original claim, before the application for additional compensation was filed. On appeal the judge of the superior court reversed this award, and the insurance company excepted.

1. The evidence for the employee demanded a finding, in the absence of any evidence to the contrary, that the original injury was the cause of the necessity to remove the eye. The employee testified that he went back to work in September, 1924; that he went to Dr. Smith at Rome, Georgia, the second time, and Dr. Smith told him he would have to take the eye out; that he was not able to have the operation then, and he would not have it done; that he was then sent to Dr. Howe, who in turn sent him to Dr. Grady Clay, who also told him the eye would have to come out; that Dr. Clay fitted him with glasses; that he could not wear them and could not work with them; that he moved to Alabama and was under treatment of doctors at Anniston and Cullman; that Dr. E. C. Herrin, of Cullman, removed the eye on January 20, 1933. H. C. Posey, a son of the employee, testified that about two hours after the eye was taken out the doctor showed it to him and his sister, and cut the eye open and there was a rock or black speck which the doctor stated was the cause of its having to be removed. Under this evidence the presumption is that the original injury was the cause of the necessity to remove the eye. The removal of the eye by a doctor is prima facie evidence of the necessity therefor. Furthermore, the application for additional compensation was not contested on these grounds in the hearing before the Industrial Board.

2. It is contended by the insurance company that the act of the legislature (Code, § 114-607), providing that an insurer who issues a policy to an employer not subject to the act shall not plead as a defense that the employer is not subject to the act, can have no application to a policy issued in 1924. To this contention we can not agree, for the reason that the legislature may by retroactive legislation take away from a party a naked legal right which could have been used by him to avoid a valid and binding contract "which it is usually unjust to insist upon, and which no constitutional provision was ever designed to protect." *Bullard* v. *Holman*, 184 *Ga.* 788, 792-794 (193 S. E. 586), and cit.; *Maryland Casualty Co.* v. *Sanders*, 49 *Ga. App.* 600 (176 S. E. 104).

3. It is also contended by the insurance company that the act approved March 30, 1937 (Ga. L. 1937, p. 528), providing that any claim based on change in condition must be filed within two years from the date the Industrial Board was notified of the final payment of the claim, is a bar to the application, because it was filed too late. The act was approved in March, 1937. Since it made no provision for the filing of claims on changed condition in cases where the report of settlement had been made before its passage, and especially those cases where the report had been made two years previously thereto, it is construed to refer to cases where such final reports of payments were made after its passage. Under the former act the application for compensation on account of change in condition could be made at any time. The question whether the amendment covers a case where the employee was injured before the amendment, and the report of final payment was made after the amendment, is not now before us for determination. The judge did not err in vacating the award denying compensation.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*