29852. LONDON GUARANTEE AND ACCIDENT COMPANY *et al.* v. PITTMAN.

Decided March 19, 1943.

*Smith, Smith & Bloodworth, R. E. Lee Field,* for plaintiffs in error.   *Mildred L. Kingloff,* contra.

STEPHENS, P. J.   (After stating the foregoing facts.)

■ This case involves an award of additional compensation on account of a change in condition, resulting in the claimant's increased disability, on application for a review under the Code, § 114-709.   The director who heard the claim found that since the final payment to the claimant of the compensation which had been awarded to him on July 28, 1937, his condition had changed and

his disability had increased. It is contended that the claimant's right to apply for additional compensation on the ground of a change in condition was barred under the Code, § 114-709, as amended in 1937 (Ga. L. 1937, p. 528), because, when the claimant applied therefor, more than two years had elapsed since the payment of the compensation previously awarded to the claimant, and that the Industrial Board did not have jurisdiction to render the award complained of. This is so, as stated, for the reason that the claimant, while he was injured on September 26, 1934, had no right, on a change in condition increasing his disability, to apply for additional compensation, because it appeared that more than two years had elapsed since the board had been notified of the final payment of the compensation under the previous award, under which award it was found that maximum improvement had been reached by the claimant. This law as amended is as follows: "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the Industrial Board may, within two years from the date that the board is notified of the final payment of claim, review any award or any settlement made between the parties and filed with the board, and on such review may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon." Code Ann. § 114-709. On March 30, 1937, this statute was so amended as to strike therefrom the words "at any time" in the third line, and to substitute in lieu thereof the words in the statute as above quoted "within two years from the date that the board is notified of the final payment of claim." Therefore, before the act of 1937, § 114-709 did not contain any limitation on the time within which an application for a review of an award based on a change in condition, could be made. See *Maryland Casualty Co.* v. *Posey,* 58 *Ga. App.* 723 (199 S. E. 543).

The plaintiffs in error state that their contention is borne out by the decision in *Maryland Casualty Co.* v. *Posey,* 58 *Ga. App.* 723, 725 (3) (199 S. E. 543), where this court, referring to the amendment of 1937, said: "Since it made no provision for the filing of claims on changed condition in cases where the report of settlement had been made before its passage, and especially those cases where the report had been made two years previously thereto, it is construed to refer to cases where such final reports of payments were

made after its passage." The claimant Posey was disabled on June 27, 1924, and the agreement as to compensation was entered into and the compensation paid in full, the last installment being paid on August 26, 1925. On August 27, 1937, after the adoption of the amendment of 1937, Posey applied for additional compensation on the ground of a change in condition; and compensation was denied on the ground, among others, that more than two years had elapsed from the date of the notice to the Industrial Board of the final payment of the original claim before the application for additional compensation was filed. On appeal to the superior court this holding was reversed, and the employer and the insurance company excepted. This court held that the right of the employee to claim additional compensation was not barred, since the act of 1937 made no provision relative to the filing of claims on changed condition in cases where the report of final payment had been made before its passage, and therefore was to be construed to refer to cases where final reports of payments were made after the passage of the amendment. This was not a ruling that the 1937 amendment referred to cases where the injury occurred and the compensation was applied for before the passage of the amendment, even though the final award and the report of final payment of compensation were made after the amendment was passed. After stating that "Under the former act the application for compensation on account of change in condition could be made at any time," where there was a change in such condition, this court stated specifically: "The question whether the amendment covers a case where the employee was injured before the amendment, and the report of final payment was made after the amendment, is not now before us for determination."

On March 30, 1937, when this amendment became effective, the claimant's right to compensation had already accrued to him, and occupied the status of a claim pending. The award of July 28, 1937, which was after the passage of the amendment, was a final adjudication of the claimant's right to compensation except on a change in condition, in which event he would be entitled to increased or diminished compensation as the case might be. His right to compensation arose when he sustained a compensable injury; when he was injured on September 26, 1934, he became entitled to receive compensation as provided in the workmen's com-

pensation law in effect at that time. Therefore his right to compensation, including increased compensation on account of a changed condition, clearly arose by virtue of his injury, and not by virtue of the award of July 28, 1937. Regardless of the award of July 28, 1937, and of the final payment of the compensation thereunder, of which payment the board was notified, the claimant's right, as respects additional compensation provided he thereafter suffered a change in condition and increased disability, was in existence on March 30, 1937, when the amendment to the Code, § 114-709, limiting the time within which an injured employee could apply for and obtain such additional compensation on account of a change in condition as the result of which injury his disability was increased, went into effect. The right of the claimant to compensation for his disability caused by his injury, including his right to additional or increased compensation in the event his disability should increase as a result of his original injury, became vested in him on September 26, 1934, when he sustained the compensable injury which resulted in his disability, and also ultimately in his increased disability. This amendment, relative to an injury and claim for compensation filed with the Industrial Board before its passage, is not a statute affecting the remedy only. The claimant had no control over his future physical condition. He could not anticipate that as a result of his original injury his condition would change and his disability increase.

Retrospective statutes are forbidden by the first principles of justice. *Mayor &c. of Savannah* v. *Hartridge,* 8 *Ga.* 23 (9). An act of the General Assembly which affects detrimentally some substantial right of a party or imposes a new duty in respect to transactions or considerations already past, or places an additional burden on a pending action, is retroactive and violates our constitution. Code, § 2-302. "A statute is retroactive in its legal sense which creates a new obligation on transactions or considerations already past, or destroys or impairs vested rights. A statute does not operate retrospectively because it relates to antecedent facts; but if it is intended to affect transactions which occurred or rights which accrued before it became operative as such, and which ascribe to them essentially different effects, in view of the law at the time of their occurrence, it is retroactive in character." *Ross* v. *Lettice,* 134 *Ga.* 866, 868 (68 S. E. 734, 137 Am. St. R. 281). Retrospec-

tive laws which divest previously acquired rights on principle occupy the same position with ex post facto laws. *Wilder* v. *Lumpkin*, 4 *Ga.* 208. "Upon principle, every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective." *Sturges* v. *Carter*, 114 U. S. 511, 519 (5 Sup. Ct. 1014, 29 L. ed. 240). The amendment of 1937 makes no provision relative to claims for compensation where the injury accrued and the claim arose before its passage. To construe the statute, as contended by the plaintiffs in error, to affect the claimant's pending claim, would be to give it a retrospective operation and would make it retroactive as regards the claimant's previously accrued right to additional compensation on account of a change in his condition resulting from his injury causing increased disability. Laws prescribe only for the future, and generally have no retroactive operation. Code, § 102-104. *Redd* v. *Hargroves*, 40 *Ga.* 18, 24. The settled rule for the construction of statutes is not to give them a retrospective operation, unless the language imperatively requires such construction. *Moore* v. *Gill*, 43 *Ga.* 388, 391. Properly construed, therefore, the amendment of 1937 does not apply to a case where the claimant-employee was injured before the amendment became effective, although the report of final payment of compensation to the claimant was made after the passage of the amendment. See *Winston* v. *State*, 186 *Ga.* 573 (198 S. E. 667, 118 A. L. R. 719).

If the amendment of 1937 had provided, as did the act of March 16, 1933, dealt with in *U. S. Fidelity &c. Co.* v. *Toombs County*, 187 *Ga.* 544, 549 (1 S. E. 2d, 411), that "the provisions of this act shall apply to existing [claims for compensation]," a different question would be presented. Cases like *Central Bank* v. *Solomon*, 20 *Ga.* 408, *George* v. *Gardner*, 49 *Ga.* 441, and similar cases, therefore have no application here.

■ The plaintiffs in error contend that the amount of compensation under the award of April 15, 1942, together with the compensation heretofore paid to the claimant exceeds the total amount the claimant would be entitled to, under the Code, § 114-406, for the loss of the use of his left hand. They further state that if it is contended that the claimant is entitled to the compensation as

awarded on April 15, 1942, under § 114-405, which is for a partial incapacity, the period of 300 weeks, from the date of the injury, as provided in this section, had elapsed before the time the claimant applied for additional compensation, and therefore that the claimant's right to further compensation has ceased.

There is no merit in these contentions. The claimant had been awarded compensation for the partial loss of the use of his left hand, under the Code, § 114-406, which provides that "the compensation for partial loss of, or for partial loss of use of, a member or for partial loss of vision of an eye, shall be such proportion of the payments above provided for total loss as such partial loss bears to total loss." Subsequently he applied for a review of the award, on the ground that his condition had changed and his disability had increased, and therefore that he was entitled to additional compensation for his increased disability. The Code, § 114-709, under which the claimant filed his application for additional compensation on a change in condition, provides that where it is found that there is a change in condition, growing out of the original injury, the board may make an award ending, diminishing, or increasing the compensation previously awarded, which award must be made subject to the maximum and minimum provided in the compensation act, and that "no such review shall affect such award as regards any moneys paid." The Supreme Court held, in *Home Accident Insurance Co.* v. *McNair,* 173 *Ga.* 566, 570 (161 S. E. 131), that the board, on review of an award based on a change in condition, "can not treat moneys paid under the original award as compensating the employee for compensation awarded on review, on the theory that the compensation received under the original award was sufficient to pay the compensation which would be due the employee for a permanent partial loss of capacity from the date of the original award to the date of the rendition of the award on review." The Supreme Court approved the ruling of this court in *South* v. *Indemnity Insurance Co.,* 39 *Ga. App.* 47 (146 S. E. 45). In that case, on an application for review on the ground of a change in condition, where the employee had previously been awarded compensation for a permanent total loss of the use of a member, the board found that the employee's condition had changed and his disability decreased, and accordingly found that the employee was entitled only to compensation as for a permanent par-

tial loss, instead of as for a permanent total loss, of the use of the injured member. The court held: "The commission was not authorized to impair its previous judgment by discontinuing his compensation entirely on the theory that he had already received, as for a total loss of the impaired member, more than he would be entitled to if the new finding had been made to begin with," and that the employee "could not be thus required to account for moneys already legally paid under the previous award."

Applying the above holdings to the present case, it follows that the award of April 15, 1942, should not be set aside because, as contended by the plaintiffs in error, the amount of compensation under such award, added to the amount of compensation previously awarded and paid to the claimant, exceeded the total amount the claimant was entitled to receive under the Code, § 114-406, for the loss of the use of his left hand. *Travelers Insurance Co.* v. *Anderson,* 185 *Ga.* 105 (194 S. E. 193), is distinguishable from the ruling here made. In that case the court decided whether compensation was payable under the Code, § 114-404, or under § 114-405. The claimant was not seeking compensation under § 114-405, and the provisions of that section have no application to this claim. See generally, *Travelers Insurance Co.* v. *Anderson, 54 Ga. App.* 842 (189 S. E. 537) ; *Fidelity & Casualty Co.* v. *Clements, 53 Ga. App.* 622 (186 S. E. 764).

■ The finding of the board, that the claimant's condition had changed and his disability had increased, and therefore that he was entitled to additional compensation, was supported by the testimony of Dr. Mims, the physician designated to examine the claimant for the Industrial Board. Also, the director who heard the testimony observed the claimant and made an inspection of his hand and his use thereof. The findings of fact of the director where supported by the evidence are conclusive. The award complained of was authorized by the evidence and was not contrary to law, and the superior court properly rendered judgment affirming it.

*Judgment affirmed. Sutton and Felton, JJ., concur.*