## 57938. HART v. OWENS-ILLINOIS, INC.

SHULMAN, Judge.

Claimant-appellant received total disability compensation for a job-related injury pursuant to an agreement with her employer approved by the State Board of Workers' Compensation. Appellee-employer subsequently made motion for review of appellant's award, in accordance with Code Ann. § 114-709, alleging appellant's change in condition as cause for termination of her compensation payments. Appellant takes this appeal from an order of the superior court affirming the award of the full Board of Workers' Compensation in favor of the employer. We affirm.

1. Appellant's challenge to the sufficiency of the evidence is without merit. Since there was medical testimony to the effect that neither appellant's physical nor psychological illness(es) would prohibit her returning to work, the board was authorized to conclude that appellant's change in condition precluded the continuation of her disability benefits. *Jackson v. Seaboard Fire &c. Ins. Co.,* 144 Ga. App. 531 (1) (241 SE2d 636).

Likewise, although appellant was under some medical restrictions, there was competent evidence to support the board's determination that such restrictions would not prevent her from performing the job available to her by her employer. *Jackson,* supra.

2. The record does not support appellant's assertion that the board failed to find that appellant's mental illness arose (at least in part) out of her previous accident on the job. The board found that appellant's mental illness was, in part, attributable to her prior accident. However, since the board found that her mental illness did not affect her ability to work, the board acted within its authority in terminating her disability payments.

3. Since a timely objection to the competency of the employee's testimony was not made to the court below, we refuse to consider this contention on appeal. *Redfield v. State,* 240 Ga. 460 (3) (241 SE2d 217).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED MAY 29, 1979 — DECIDED SEPTEMBER 4, 1979 —
REHEARING DENIED SEPTEMBER 21, 1979.

*G. Gerald Kunes,* for appellant.

*Warner R. Wilson, Jr., Donald F. Walton,* for appellee.