## 62821. HART v. OWENS-ILLINOIS, INC.

POPE, Judge.

This appeal arises out of a decision rendered by the Superior Court of Lowndes County on May 21, 1981. The decision reversed an award of the State Board of Workers' Compensation (hereinafter "Board"). Appellant enumerates as error the lower court's application to this case of the limitation provision of Code Ann. § 114-709 as amended effective July 1, 1978. Since our resolution of this enumeration is dispositive of this case, we do not address appellant's other enumerations of error.

Appellant was originally injured during the course of her employment on August 31, 1976. As the result of her injury, she was unable to work until January 24, 1977. She obtained workers' compensation benefits during the period of her disability. Appellant again became disabled on April 11, 1977 and again obtained benefits as the result of her disability. At the request of appellee employer pursuant to Code Ann. § 114-709, a hearing was held on November 28, 1977 in order to determine if any change in appellant's condition had occurred. The administrative law judge determined that appellant was no longer disabled and authorized appellee to terminate appellant's benefit payments as of April 13, 1978. See in this regard

*Hart v. Owens-Illinois,* 151 Ga. App. 435 (260 SE2d 490) (1979).

On June 8, 1980 appellant filed a request for a hearing to determine a change in condition pursuant to Code Ann. § 114-709. During the course of that hearing appellant testified that she had received her final benefit payment from appellee on April 19, 1978. On appellee's motion the administrative law judge then dismissed the case. He ruled that appellant's case was governed by Ga. L. 1978, pp. 2220, 2233, effective July 1, 1978 (present Code Ann. § 114-709 (b) (3)) and that she was barred from bringing her action seeking a change in condition because more than two years had passed since the date of the last payment of benefits. The Board reversed the decision of the administrative law judge and held that this case was controlled by Ga. L. 1968, pp. 3, 7; 1972, pp. 149, 150; 1973, pp. 232, 244 (former Code Ann. § 114-709), which provided that the two-year limitation period did not begin to run until notification of payment of the final benefit was received by the Board. The record in this case shows that such notification was not received by the Board until December 18, 1979. The Board concluded that the provisions of the 1978 statute could not be applied retroactively to include a transaction (the final payment of benefits) which had occurred prior to the effective date of said statute. The Superior Court of Lowndes County reversed the Board's decision and held that appellant's action was indeed controlled by the 1978 statute, present Code Ann. § 114-709 (b) (3).

Effective July 1, 1978 any party may apply to the Board to modify a decision because of a change in condition "if at the time of application not more than two years have elapsed since the date of final payment of income benefits . . ." Ga. L. 1978, pp. 2220, 2233. Prior to July 1, 1978 such an application must have been made "not later than two years from the date that the Board is notified that the final payment of a claim has been made . . ." Ga. L. 1968, pp. 3, 8. Appellant contends that the 1978 statute is not applicable to this case because the date on which she received her final payment of benefits (April 19, 1978) occurred before the effective date of said statute.

As to appellant's contention, "we must first inquire whether it was the intention of the General Assembly to apply the provision of the aforesaid act to [transactions which had occurred prior to its effective date]. We are for the moment laying to one side the question whether or not the act is retroactive as that word is used in our laws. [Code Ann.] § 102-104 in part declares: 'Laws prescribe only for the future; they cannot impair the obligation of contracts, *nor, usually, have a retrospective operation,'* (italics ours); and the settled rule for the construction of statutes is not to give them a retrospective operation, unless their language imperatively requires it, but the authorities are equally clear that they will be given a retrospective

effect if the language does so require it." *U. S. Fidelity &c. Co. v. Toombs County,* 187 Ga. 544, 549 (1 SE2d 411) (1939).

Section 17 of the 1978 statute provides: "This Act shall become effective July 1, 1978. In respect to provisions of Code Sections 114-404, 114-405, 114-406, as herein amended, and insofar as any provision of the Act creates a substantive right, it shall apply to any accident or injury occurring on or after July 1, 1978. In all other respects, including all procedural matters, it shall apply to any action taken on or after July 1, 1978, without regard to the date of accident or injury." Ga. L. 1978, pp. 2220, 2236. We have here a legislative declaration that the 1978 statute's application to substantive rights is prospective only. As to procedural matters, however, the statute is prospective to the extent that it applies only to "any action" taken on or after its effective date but retrospective to the extent that it is applicable to pending cases in which the accident or injury occurred prior to its effective date. Because the language of this statute clearly states that it is to have some retrospective application, the case at bar is factually distinguishable from two cases cited by appellant: *London Guarantee &c. Co. v. Pittman,* 69 Ga. App. 146 (25 SE2d 60) (1943); *Maryland Casualty Co. v. Posey,* 58 Ga. App. 723 (3) (199 SE 543) (1938). Compare *Hart v. Eldridge,* 158 Ga. App. 834 (282 SE2d 369) (1981), concerning the application of a recently enacted statute of limitation in medical malpractice actions.

Having determined that the 1978 statute has some retrospective application, we now consider whether its application to this case violates our constitutional proscription against retrospective laws. See Code Ann. § 2-107. "Statutes of limitation look only to remedy and not to substantive rights . . ." *Dixie Const. Co. v. Williams,* 95 Ga. App. 767, 770 (98 SE2d 582) (1957); see *Taylor v. Murray,* 231 Ga. 852 (204 SE2d 747) (1974). Code Ann. § 102-104 further provides: "Laws looking only to the remedy or mode of trial may apply to contracts, rights, and offenses entered into or accrued or committed prior to their passage; but in every case a reasonable time should be allowed for the citizen to enforce his contract, or protect his right." In both the 1978 statute and its predecessor, two years was fixed as the time within which an action for change of condition must be brought. Clearly, two years is not an unreasonable time. See *U. S. Fidelity &c. Co. v. Toombs County,* supra at (4).

"Only retrospective enactments which are ex post facto in their character, that is, those whose effect is to impair the obligation of contracts, or to divest vested rights, are within our constitutional prohibition against retroactive legislation. [Cit.] As was observed by Judge Lumpkin in *Boston [& Gunby] v. Cummins,* 16 Ga. 102, 106 [(1854)], 'Every *ex post facto* law must necessarily be retrospective

but every retrospective law is not an *ex post facto* law.'" *U. S. Fidelity &c. Co. v. Toombs County,* supra at 549. "'The presumption against a retrospective construction has no application to enactments which affect only the procedure and practice of the courts, even where the alteration which the statutes make has been disadvantageous to one of the parties . . . *A law which merely alters the procedure may, with perfect propriety, be made applicable to past as well as future transactions.* . . No person has a vested right in any course of procedure, nor in the power of delaying justice, nor of deriving benefit from technical and formal matters of pleading. He has only the right of prosecution or defen[s]e in the manner prescribed, for the time being, by or for the [forum] in which he sues; and if a statute alters that mode of procedure, he has no other right than to proceed according to the altered mode. The remedy does not alter the contract or the tort; it takes away no vested right . . .' [Cit.] 'No person can claim a vested right in any particular mode of procedure for the enforcement or defen[s]e of his rights . . . A remedy may be provided for existing rights, and new remedies added to or substituted for those which exist.' " (Emphasis supplied.) *Pritchard v. Savannah Street &c. R. Co.,* 87 Ga. 294, 299 (13 SE 493) (1891); *Darby v. Cook,* 201 Ga. 309 (1) (39 SE2d 665) (1946); *Atha v. Jackson Atlanta, Inc.,* 159 Ga. App. 433 (283 SE2d 654) (1981).

Appellant admitted that she received her final benefit payment on April 19, 1978, although notice of final payment was not received by the Board until December 18, 1979. Her application for change of condition was not filed with the Board until June 8, 1980. By its terms the 1978 statute is applicable to "any action taken on or after July 1, 1978, without regard to the date of . . . injury." See *Peterson/Puritan, Inc. v. Day,* 157 Ga. App. 827 (278 SE2d 674) (1981); see also *Ins. Co. of N.A. v. Henson,* 150 Ga. App. 788 (258 SE2d 706) (1979). Appellant filed her application for change of condition after the 1978 statute became effective. Accordingly, this action is governed procedurally and is barred by the limitation provision of the 1978 statute, *even though to do so requires the utilization of the date of a transaction which preceded the effective date of the statute.* Compare *Noles v. Nat. Engine Rebuilding Co.,* 119 Ga. App. 833 (1) (169 SE2d 185) (1969).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 18, 1982 —
REHEARING DENIED MARCH 30, 1982 —

*G. Gerald Kunes, G. G. Joseph Kunes, Jr.,* for appellant.
*Warner R. Wilson, Jr., N. Sandy Epstein,* for appellee.