## 38677. HART v. OWENS-ILLINOIS, INC.

SMITH, Justice.

We granted certiorari to review the decision of *Hart v. Owens-Illinois, Inc.,* 161 Ga. App. 831 (289 SE2d 544) (1982). The Court of Appeals held that the two-year statute of limitations contained in Code Ann. § 114-709 (b) (3) could be applied retroactively to bar appellant Ginnie L. Hart's application for workers' compensation benefits. We reverse.

. During the course of her employment by appellee, appellant suffered a back injury on August 31, 1976. As a result appellant was unable to return to work until January 24, 1977, and she obtained workers' compensation benefits during this period of disability.[1] After returning to work in January 1977, appellant again became disabled on April 11, 1977 because of back pain and again obtained compensation benefits. On November 28, 1977, and at appellee's request, a hearing was conducted pursuant to Code Ann. § 114-709 to determine if any change in appellant's condition had occurred. The administrative law judge determined that appellant was no longer disabled and authorized appellee to stop appellant's benefit payments as of April 13, 1978.[2] Appellee stopped payment of appellant's benefits on April 19, 1978, but delayed until December 18, 1979 (some 20 months later) before sending notice of final payment of appellant's benefits to the State Board of Workers' Compensation.

On June 8, 1980 appellant filed her request for a hearing to determine a change in condition pursuant to Code Ann. § 114-709 from which this appeal arises. At the hearing appellant testified that she had received her final payment on April 19, 1978. On appellee's motion the administrative law judge dismissed the case, ruling that appellant's application was barred by present Code Ann. § 114-709 (b) (3) (1978 Ga. Laws 2220, 2233, effective July 1, 1978) because more than two years had passed since the date of final payment of her benefits. The Board reversed the decision of the administrative law judge and held that this case was controlled by former Code Ann. § 114-709 (1968 Ga. Laws 3, 7; 1972 Ga. Laws 149, 150; 1973 Ga. Laws 232, 244), which provided that the two-year limitation period began to run when notification of payment of the final benefit was received by the Board. The Board concluded that the provisions of the 1978 statute could not be applied retroactively to include a transaction

---

[1] This statement of facts is taken almost verbatim from the opinion of the Court of Appeals.

[2] The administrative law judge's ruling was affirmed on appeal. *Hart v. Owens-Illinois,* 151 Ga. App. 435 (260 SE2d 490) (1979).

(the final payment of benefits) which had occurred prior to the effective date of the statute, and awarded compensation benefits to appellant. On appeal, the Superior Court of Lowndes County reversed the Board and held that appellant's claim was indeed barred by the 1978 statute.

The Court of Appeals affirmed. The court reasoned that the legislature intended that the new § 114-709 limitations period apply to this case; that the law was procedural and could constitutionally be applied retroactively; and that the law provided for a reasonable grace period for enforcement of affected rights as required by Code Ann. § 102-104. Thus the court held appellant's change in condition claim to be barred by the 1978 law "even though to do so requires the utilization of the date of a transaction [the April 19, 1978 final payment of appellant's benefits] which preceded the effective date of the statute." 161 Ga. App. at 831.

### Issues

"Laws prescribe only for the future; they can not impair the obligation of contracts, nor, usually, have a retrospective operation," Code Ann. § 102-104; and "the settled rule for the construction of statutes is not to give them a retrospective operation, unless their language imperatively requires it ..." *U. S. Fidelity &c. Co. v. Toombs County,* 187 Ga. 544, 549 (1 SE2d 411) (1939). Because we are not convinced that the language of the 1978 amendment "imperatively requires" its retroactive application in this case, we hold that present § 114-709 (b) (3) does not bar appellant's change in condition application.

Regarding retroactive application of the 1978 amendments to the Workers' Compensation Act (including § 114-709 (b) (3)), § 17 of the 1978 statute provides: "This Act shall become effective on July 1, 1978. In respect to the provisions of Code Sections 114-404, 114-405, and 114-406, as herein amended, and insofar as any provision of the Workers' Compensation Act creates a substantive right, it shall apply to any accident or injury occurring on or after July 1, 1978. In all other respects, including all procedural matters, it shall apply to any action taken on or after July 1, 1978, without regard to the date of accident or injury." 1978 Ga. Laws 2220, 2236. The legislative intent is clear: as to substantive matters, the 1978 amendments may only apply prospectively to injuries occurring after July 1, 1978; as to procedural matters, the 1978 amendments apply to actions taken after that date, regardless of the date of original injury.

In our view the 1978 statute of limitations cannot be applied to appellant in light of § 17, supra, because § 114-709 is a "provision of the Act [which] creates a substantive right," 1978 Ga. Laws 2236, supra. It follows that the legislature did not intend that § 114-709 (b)

(3) apply in the present case because appellant's injury occurred prior to July 1, 1978, the Act's effective date.

Appellant's right to apply for change of condition benefits is a substantive right which vested when she was injured on August 31, 1976. This much is clear from the decision in *London Guarantee &c. Co. v. Pittman,* 69 Ga. App. 146 (25 SE2d 60) (1943). There the Court of Appeals addressed the question of retroactive application of a 1937 amendment to Code Ann. § 114-709, the direct predecessor of the statute in issue in the present case. In 1937, the legislature for the first time imposed a two-year statute of limitations on change of condition claims. Prior to 1937, § 114-709 provided that the Board could entertain a change in condition petition "at any time." In the *Pittman* case, the claimant was injured on September 26, 1934 and received final payment of compensation on July 28, 1937. The Board was notified of final payment by a letter dated August 6, 1937. On July 17, 1941, Pittman filed a § 114-709 change in condition application. The Board found that Pittman's condition had worsened and awarded compensation. On appeal, the superior court reversed, holding that Pittman's application was barred by the 1937 statute of limitations because more than two years had passed since notification of final payment.

The Court of Appeals reversed. It held that the March 30, 1937 amendment establishing a two-year statute of limitations on change of condition claims could not constitutionally be applied to Pittman, whose original injury arose in 1934. The court stated: "On March 30, 1937, when this amendment became effective, the claimant's right to compensation had already accrued to him, and occupied the status of a claim pending. The award of July 28, 1937, which was after the passage of the amendment, was a final adjudication of the claimant's right to compensation except on a change in condition, in which event he would be entitled to increased or diminished compensation as the case might be. His right to compensation arose when he sustained a compensable injury; when he was injured on September 26, 1934, he became entitled to receive compensation as provided in the workmen's compensation law in effect at that time. Therefore his right to compensation, including increased compensation on account of a changed condition, clearly arose by virtue of his injury, and not by virtue of the award of July 28, 1937. Regardless of the award of July 28, 1937, and of the final payment of the compensation thereunder, of which payment the board was notified, the claimant's right, as respects additional compensation provided he thereafter suffered a change in condition and increased disability, was in existence on March 30, 1937, when the amendment to the Code, § 114-709, limiting the time within which an injured employee could apply for and obtain

such additional compensation on account of a change in condition as the result of which injury his disability was increased, went into effect. *The right of the claimant to compensation for his disability caused by his injury, including his right to additional or increased compensation in the event his disability should increase as a result of his original injury, became vested in him on September 26, 1934, when he sustained the compensable injury which resulted in his disability,* and also ultimately in his increased disability. This amendment, relative to an injury and claim for compensation filed with the Industrial Board before its passage, is not a statute affecting the remedy only. The claimant had no control over his future physical condition. He could not anticipate that as a result of his original injury his condition would change and his disability increase." *London Guarantee &c. Co. v. Pittman,* 69 Ga. App. 146, 155-56, supra. (Emphasis supplied.) See also *Maryland Cas. Co. v. Posey,* 58 Ga. App. 723, 725 (199 SE 543) (1938).

Since under *Pittman* appellant's substantive right to compensation in the event of changed condition became vested in her at the time of her original injury on August 31, 1976, we hold that the 1978 limitations period does not apply to her. See 1978 Ga. Laws 2220, 2236. It is a well settled canon of statutory construction that statutes are presumed to be enacted by the legislature with knowledge of the existing law. See *McPherson v. City of Dawson,* 221 Ga. 861 (148 SE2d 298) (1966); *Spence v. Rowell,* 213 Ga. 145 (97 SE2d 350) (1957). Following this rule of construction, we find that the legislature was aware of the *Pittman* decision when it enacted the 1978 amendment, and we construe the 1978 Act in a manner which will not impair appellant's vested rights under § 114-709.

Our decision today is consistent with this court's general policy of construing the provisions of the Workers' Compensation Act liberally in order to afford the injured claimant a remedy. *Samuel v. Baitcher,* 247 Ga. 71, 73 (274 SE2d 327) (1981); *Slaten v. Travelers Ins. Co.,* 197 Ga. 1, 2 (28 SE2d 280) (1943). "[S]tatutory amendments changing limitations periods are generally not applied retroactively, whether the effect of the change would be to improve or worsen the claimant's position." 3 Larson, Workmen's Compensation 15-209, § 78.80 (1976). The judgment of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur, except Marshall, P. J., who dissents.*

DECIDED NOVEMBER 30, 1982 —
REHEARING DENIED DECEMBER 14, 1982.

*G. Gerald Kunes,* for appellant.
*Warner R. Wilson, Jr.,* for appellee.