65174. COOSA BAKING COMPANY et al. v. THOMAS.

QUILLIAN, Presiding Judge.

This appeal arises out of our grant of an application for discretionary review. On September 24, 1977, the claimant (employee) sustained an injury to her lower spine in an accident arising out of and in the course of her employment with Coosa Baking Company (employer). Pursuant to a "Form 16 Agreement" entered into between the parties and approved by the Board the claimant was paid compensation as provided by Code Ann. § 114-404 (Code § 114-404; as amended through Ga. L. 1975, pp. 190, 193). After a change of condition hearing in conjunction with a request for change in treating physician, on March 28, 1979 an award was issued by the ALJ denying the request for change in physician and finding "Coosa Baking Company, employer, and Federal Insurance Company, insurer, are hereby authorized to cease payment of compensation to Margaret Labbous [Thomas], employee-claimant as of August 23, 1978."

On application for review, the Full Board subsequently adopted the ALJ's findings with one exception not here pertinent and made the ALJ's award "its award to the extent that it determines a change in condition." The Board granted the request for a change in treating physician.

On January 6, 1981, claimant filed a request for change of condition hearing to determine her eligibility for additional benefits under Code Ann. § 114-709 (Code § 114-709; as amended through Ga. L. 1973, pp. 232, 244). After a change of condition hearing, an award was entered by the ALJ which set forth: "The employer/insurer moved to dismiss the claim on the ground that the Board was without jurisdiction to take any evidence or issue any ruling on this claim because the claim was barred since the last income benefits were terminated on August 23, 1978 and a claim was not filed by the Board until January 6, 1981. The evidence shows that no medical expenses have been paid by the employer/insurer since August 23, 1978 and the claim was [not] filed until January 6, 1981 with the Board. Therefore, the motion of the employer/insurer that the change of condition claim be dismissed is hereby granted. However, the claim for medical expenses is not barred and will be passed on by the Board."

After review, the Full Board made the following findings of fact "Upon de novo consideration of all evidence, the Board makes the findings of the administrative law judge its findings of fact, except as inconsistent with the following: (a) The Board takes judicial notice of the entire file which fails to reflect that a Form 20 or any final payment notice has been filed with the Board." Based on these facts the Board reached its conclusion of law: "The claimant's work-related injury occurred in 1977 and is therefore controlled by Code § 114-709 in effect at that time. Under Code § 114-709 which existed in 1977, the claimant's request for additional income benefits based on a change in condition was barred unless brought within two years from the date the employer/insurer notified the Board of its final payment of the claim. In the instant case, since the employer/insurer did not file a Form 20, or other final payment form, the two-year statute of limitation has not begun to run and therefore the claim is not barred."

On appeal, the Superior Court entered an order remanding the case to the Full Board "for a finding of fact as to the date of final payment made to the Claimant, Margaret Labouse [sic] Thomas, prior to the filing of her claim on January 5, 1981." After the grant of their application for discretionary review, the employer and the insurer bring this appeal. *Held:*

Code Ann. § 114-709 prior to 1978 read as follows: "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the State Board of Workmen's Compensation may, *not later than two years from the date that the Board is notified that the final payment of a claim has been made pursuant to a Board order,* (emphasis supplied) review any award or any settlement made between the parties and

approved by the Board and, on such review may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon . . ." In 1978 effective July 1 the section was amended so that it now provides: "The Board on its own motion may propose or any party may apply under this section for another decision because of a change in condition ending, decreasing, increasing or authorizing the recovery of income benefits awarded or ordered in the prior final decision provided the prior decision of the Board was not based on a settlement; and . . . (2) if *at the time of application not more than two years have elapsed since the date of final payment of income benefits due under this Title*." (Emphasis supplied.)

We granted this appeal in order to determine the applicability of *Hart v. Owen-Illinois,* 161 Ga. App. 831 (289 SE2d 544). However, by its recent decision in *Hart v. Owen-Illinois,* 250 Ga. 397 (297 SE2d 462) which reversed *Hart v. Owen-Illinois,* 161 Ga. App. 831, supra, the Supreme Court has resolved the central issue in this case. There it was held that the limitations period of the Act of 1978 does not apply to a claimant whose original injury occurred prior to July 1, 1978. The court pointed out that claimant's substantive right to compensation in the event of changed condition became vested at the time of the original injury. Thus, the law in effect at the time the present claimant was injured controls. The Board of Workers' Compensation so held.

The trial judge erred in not affirming the Full Board.

*Judgment reversed. Shulman, C. J., and Carley, J., concur.*

DECIDED JANUARY 7, 1983 —
REHEARING DENIED FEBRUARY 3, 1983 —

*Charles L. Drew, H. Michael Bagley,* for appellants.
*C. Ronald Patton, Charles G. Price,* for appellee.