### 64946. BUCKLEY v. SEARS, ROEBUCK & COMPANY.

DEEN, Presiding Judge.

This case focuses on the narrow issue of whether the two-year statute of limitations on change of condition claims imposed by the 1978 amendment to Ga. Code Ann. § 114-709 (b) (3) (Ga L.1978, pp. 2220, 2233, eff. July 1, 1978; see also OCGA § 34-9-104 (b)) may be applied retrospectively so as to bar a claim filed more than two years after the date of the final payment of Workers' Compensation weekly benefits. Resolution of this issue turns on whether the statute of limitations is construed as substantive or procedural.

Appellant Buckley was injured in March 1976 while working in her capacity as a packer for appellee Sears, Roebuck (Sears). She received Workers' Compensation weekly benefits from shortly after the time of the injury through December 10, 1977. In July 1978 she unsuccessfully filed a claim with the State Board of Workers' Compensation for benefits for a specific member disability. In December 1979 the State Board denied appellant's claim for change in condition and superadded injury but directed Sears, a self-insurer, to pay certain authorized medical expenses. In November 1980 claimant applied for a hearing to determine change of condition, and in June 1981 an Administrative Law Judge (ALJ) entered an award granting her application for additional benefits based on change of

condition. This award was affirmed by the full Board in October 1981, and Sears appealed to the Superior Court of Fulton County, alleging that the application for change of condition benefits was barred by the two-year limitation that became effective in July 1978. In November 1982, the Superior Court entered an order holding that the claim was indeed barred by the 1978 statute. Ms. Buckley appeals, enumerating as error the court's finding that the predecessor statute, Ga. Code Ann. § 114-709 (1973), was not substantive law; giving retrospective effect to Ga. Code Ann. § 114-709 (b) (3) (OCGA § 34-9-104 (b)); and further holding that the right to bring an action for change of condition vests not at the time of the injury, but only at the time of the action. *Held:*

The issue in this case is controlled by the decision in *Hart v. Owens-Illinois, Inc.* 250 Ga. 397 (297 SE2d 462) (1982). In a well-reasoned opinion the Supreme Court of Georgia held in *Hart* that the 1978 amendment, if construed as procedural and therefore applied retrospectively, would operate to divest the appellant of a substantive right which had accrued and vested at the time of the injury. Such divestiture would be in derogation of the constitutional prohibition of impairment of contract. Absent express language that "imperatively requires" retrospective application of the statute, it should be applied prospectively only. Ga. Code Ann. § 102-104 (OCGA § 1-3-5). See *U. S. Fidelity &c. Co. v. Toombs County,* 187 Ga. 544 (1 SE2d 411) (1939). The court held, therefore, that the two-year statute of limitations was not procedural and did not apply to injuries occurring before the 1978 effective date. Moreover, the court emphasized the principle mandating liberal construction of remedial legislation such as Workers' Compensation laws. The facts in the instant case are on all fours with *Hart.*

In accordance with this pronouncement by the state's highest court, we reverse the decision below and hold that appellant's change of condition claim was not barred.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 18, 1983 —
REHEARING DENIED MARCH 18, 1983.

*Clifton Woodson,* for appellant.
*Warner R. Wilson, Jr.,* for appellee.