65185. GEORGIA FORESTRY COMMISSION et al. v. DARLEY.

BIRDSONG, Judge.
We granted discretionary appeal to the employer (Georgia Forestry Commission) in this workers' compensation case to determine whether the superior court erred in holding that the employee's claim for change of condition was not barred by the

two-year statute of limitations set forth in Code Ann. § 114-709 (b) (3) (Ga. L. 1978, pp. 2220, 2233, effective July 1, 1978).

The claimant Darley's original injury occurred in January 1976. He received final payment for that temporary total disability in April 1976. He filed this claim for change of condition in October 1979. The employer contends Darley's claim is barred by the statute of limitations provided in the "new" Code Ann. § 114-709 (b) (3), which allows a claim for change of condition to be filed only within two years of the date of final payment for the original injury, which was April 1976.

The administrative law judge, affirmed by the board and the superior court, determined in effect that Darley's claim is controlled by the law in effect at the time of his original injury (former Code Ann. § 114-709; Ga. L. 1973, pp. 232, 244) which established the statute of limitations for change of conditions claims at two years of the date of "notification [to the State Board of Workers' Compensation] of final payment." The administrative law judge held that Darley's October 1979 claim was filed thirteen months after a "WC-4 form," filed in September 1978. It was this WC-4 form which ultimately gave notice to the board of final payment based upon Darley's return to work in April 1976. Hence the claim was well within the period of limitations.

This case is controlled by the Supreme Court's decision in *Hart v. Owens-Illinois,* 250 Ga. 397 (297 SE2d 462) overruling *Hart v. Owens-Illinois,* 161 Ga. App. 831 (289 SE2d 544). The Supreme Court in ultimate conclusion held that a claimant's right to file a claim for change of condition is a substantive right and vests at the time of his original injury; hence, the statute of limitations effective July 1978 cannot be applied retrospectively to impair the vested right obtained prior to July 1978, to claim change of conditions within two years of notification of final payment according to the law in existence at the time the right vested, that is at the time of original injury.

Claimant Darley's original injury occurred in January 1976; his right to claim change of conditions within two years of notification of final payment vested at that time. Accordingly, we agree with the superior court that Darley's claim for change of condition is not governed by the 1978 amendment to Code Ann. § 114-709, which sets the statute of limitations at two years from the date of final payment.

The administrative law judge, board and superior court found that a "WC-4" form which was apparently filed with the board on September 15, 1978, constituted the notice of final payment required by the prior Code Ann. § 114-709, (in lieu of a Form 20). The record does not illuminate the arcane of workers' compensation rules and

regulations so as to explain what a WC-4 form is; but it does show that the rule 20 of the workers' compensation rules clearly required as of April 1, 1976, a certain "Form 20 Notice of Final Payment" to be issued, with copy to the claimant. The only notice filed prior to the WC-4 Form of September 15, 1978 was a Form 19 filed on April 15, 1976. A Form 19 apparently is designed to accomplish a supplemental agreement as to compensation. The Form 19 filed in 1976 showed that Darley had returned to work and further liability for temporary total liability was terminated. However, the Form 19 did not specify that this was a final payment and satisfied all liability or that all benefits had been paid. Thus, the Form 19 did not and could not fulfill the function of a properly filed Form 20. Rule 20 further specifies that "an inaccurate or incomplete [report and notice of final payment] does not constitute a filing to meet the requirements of Code Ann. § 114-709." The object of this rule just quoted, pursuant to the code section then in effect, was obviously and properly to give the Board and claimant such notice of final payment as to cause the period of limitations to run. This record does not show that a "Form 20" was ever filed at all in this case, and under Code Ann. § 114-709 in effect at the time of claimant's original injury, the statute could not run against Darley's claim until it (or its equivalent) was so filed. Thus, accepting the filing of the WC-4 as the final notice, as the parties apparently agree, the statute of limitations did not begin to run until September 15, 1978, and the filing of the notice of change of condition filed on October 13, 1979 was well within the two-year period during which Darley could file such a petition.

The trial court thus was correct in affirming the board's holding that Darley's claim was not barred.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 28, 1983 —
REHEARING DENIED MARCH 7, 1983.

*Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Verley J. Spivey, Senior Assistant Attorney General, G. Thomas Davis, Virginia R. Harper,* for appellants.

*R. Napier Murphy, John T. McGoldrick, Jr.,* for appellee.